Bridgett L. BURGESS, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

Appeal No. 84–1364.

United States Court of Appeals,
Federal Circuit.

April 9, 1985.

Phillip R. Kete, Washington, D.C., for petitioner.

Deborah Stover-Springer, Atty., Merit Systems Protection Board, Washington, D.C., for respondent. With her on brief were Evangeline W. Swift, General Counsel and Mary L. Jennings, Associate General Counsel for Litigation, Washington, D.C.

Before BALDWIN, KASHIWA and BENNETT, Circuit Judges.

BENNETT, Circuit Judge.

Bridgett L. Burgess appeals the final decision of the Merit Systems Protection Board (board), No. DC07528410004, dismissing her appeal for lack of jurisdiction. 21 M.S.P.R. 773. We vacate and remand.

## BACKGROUND

On August 29, 1983, Burgess resigned her position as a secretary with the Federal Trade Commission after allegedly being warned a few days previously that she would be fired for failing to report for work as scheduled and for failing to follow leave restriction procedures. The next day she was reinstated by a temporary appointment for a period not to extend beyond September 30, 1983, but she was terminated on September 9, 1983. Burgess appealed to the board claiming that her agency had violated 5 U.S.C. § 7513 (1982) which requires a 30-day written notice of proposed removal and 7 days within which to respond thereto. Petitioner also claimed that her agency had misrepresented that she would have a full 30-day appointment if she resigned immediately.

On November 2, 1983, the board issued a show-cause order, in relevant part as follows:

> WHEREAS appellant has pending in this office an appeal from an agency action which she described as a "termination."
>
> AND WHEREAS the agency has provided documentation showing that:
>
> 1) appellant resigned from her permanent position "for personal reasons" effective August 29, 1983,
>
> 2) appellant was appointed effective August 30, 1983, to a temporary position for a period not to exceed thirty (30) days[, and]
>
> 3) appellant was terminated from said position effective September 9, 1983.
>
> AND WHEREAS it appears from this documentation that appellant has failed to raise an appealable issue.
>
> NOW, THEREFORE, appellant is hereby ORDERED to show cause why her appeal should not be dismissed for lack of jurisdiction.... The question of jurisdiction will be decided on the basis of the petition for appeal, the agency response of October 31, 1983, and the appellant's response to this Order.

Burgess's union representative replied on November 17, 1983:

> In our Appeals Form to your Agency, the Appellant indicated that she wished to have a hearing on the merits of her case. At this hearing, we will introduce evidence that the resignation was not voluntary, and therefore was in conflict with the provisions of Federal Personnel Manual Chapter 752 which treats with Adverse Actions.

The board's presiding official concluded that, because Burgess's allegation of involuntary resignation was a "mere conclusion," she had not satisfied the threshold requirement of raising "a non-frivolous allegation of involuntariness" and had failed to rebut the presumption that her resignation was voluntary. Thus, a hearing was denied and the appeal was dismissed. On April 20, 1984, the full board denied Burgess's petition for review, rejecting it as failing to meet the review criteria of 5 C.F.R. § 1201.115(a) (1984). It also rejected, for the same reason, Burgess's new affidavit setting forth with more particularity petitioner's version of events surrounding her resignation, especially duress by time pressure to force the resignation. The board thus did not decide whether the affidavit constituted a nonfrivolous allegation of involuntariness.

## DISCUSSION

■ An employee who resigns is not entitled to a hearing before the board if the resignation (or retirement) is voluntary. 5 C.F.R. § 752.401(c)(3). The board knew, however, from precedents cited by it, that Burgess would have an appealable action and thus the right to a hearing under 5 U.S.C. § 7701(a) (1982) if she raised a non-frivolous allegation of involuntariness. In its show-cause order, the board did not say this but simply indicated that it would decide the issue of jurisdiction without giving Burgess a hearing.

■ The jurisdiction of the board is limited to those actions appealable to it "under any law, rule, or regulation." 5 U.S.C. § 7701(a). The court in *Rose v. Department of Health and Human Services*, 721 F.2d 355, 357 (Fed.Cir.1982), concluded that

the section 7701(a)(1) hearing right arises only after an employee properly invokes jurisdiction. It is the burden of the appealing employee to do this. 5 C.F.R. § 1201.-56(a)(2); *Stern v. Department of the Army,* 699 F.2d 1312, 1314 (Fed.Cir.), *cert. denied,* 462 U.S. 1122, 103 S.Ct. 3095, 77 L.Ed.2d 1354 (1983).

In *Manning v. MSPB,* 742 F.2d 1424 (Fed.Cir.1984), the court determined that the petitioner was not entitled to a hearing on the issue of involuntary leave because he failed to raise a nonfrivolous allegation. However, the court noted that "cases may arise where the MSPB should hold an evidentiary hearing on jurisdiction." *Id.* at 1428. Such a case arose in *Covington v. Department of Health and Human Services,* 750 F.2d 937 (Fed.Cir.1984). Like Burgess, Covington did not receive a hearing on the jurisdictional issue. The court concluded that the summary disposition by the board violated Covington's procedural right to a hearing on the issue of involuntariness. *Id.* at 943–44.

■ *Covington* does not provide that a right to a hearing arises whenever an employee asserts involuntariness as the basis of retirement or resignation. The right to a hearing arises after an employee makes a nonfrivolous allegation of the involuntariness of a retirement or resignation. *See Gratehouse v. United States,* 512 F.2d 1104, 1108 (Ct.Cl.1975); *Ragland v. Internal Revenue Service,* 2 MSPB 167 (1980).

An involuntary resignation is a removal, *see Scharf v. Department of the Air Force,* 710 F.2d 1572 (Fed.Cir.1983); *McCormack v. United States,* 204 Ct.Cl. 371, 373 (1974); *McGucken v. United States,* 407 F.2d 1349, 1350, 187 Ct.Cl. 284 (1969), *cert. denied,* 396 U.S. 894, 90 S.Ct. 190, 24 L.Ed.2d 170 (1969), and as such the issue of jurisdiction is intertwined with the merits of an action appealable pursuant to 5 U.S.C. §§ 7512(1), 7513(d). It is this connection with the merits of an appeal which prompts the need for a hearing.

Following *Gonzalez v. Department of Transportation,* 701 F.2d 36 (5th Cir.1983), *Covington* adhered to principles of law which pre-dated the Civil Service Reform Act of 1978, i.e., an employee is entitled to a hearing before the board on the appealable issue of involuntary resignation, and when the board fails to alert the employee to an issue on which jurisdiction depends, it has not given adequate notice as to how to respond. *See Gratehouse,* 512 F.2d 1104; *McCormack,* 204 Ct.Cl. at 380. The legislative history of the Civil Service Reform Act does not evidence any congressional intent to alter the existing law entitling an employee, claiming involuntary resignation, to a hearing on the issue. An early decision by the board reflects its understanding that the right to a hearing remained after the passage of the Act. *Murray v. Defense Mapping Agency,* 1 MSPB 338, 1 M.S.P.R. 350 (1980).

■ A second issue is whether the show-cause order issued by the board was reasonably calculated to apprise Burgess of what was required to obtain a hearing. The board contends that it was. We believe that the board's own brief belies this contention.

At one point in its brief the board argues that Burgess was required, but failed, to "support her claim of involuntary resignation with any evidence, after [being] ordered to do so." At another point, the board argues that Burgess was required, but failed, to "come forward with sufficient facts." We quoted the board's show-cause order earlier. Nowhere does it order or even caution the employee that to establish jurisdiction it would be necessary to produce or allege facts or evidence on an appealable issue. We believe a contrary impression was conveyed since the order indicated nothing of the kind and said that a decision would be made on the basis of the petition and the responses of the parties. The order was misleading, incomplete, and latently ambiguous. It failed to tell Burgess that a nonfrivolous allegation of involuntariness was required to establish an appealable jurisdictional issue, and that the production of factual evidence would be necessary to show that the board had jurisdiction and should grant a hearing. The

government knows how to make this plain to employees if that is what it intends. For instance, in the matter of reemployment priority rights, it requires that to invoke board jurisdiction it is necessary to present factual information. *See* 5 C.F.R. § 330.-202.

Accordingly, we vacate and remand to give Burgess the opportunity to make a nonfrivolous allegation of involuntariness which would satisfy the board that it has jurisdiction to afford petitioner a hearing on the issue.

VACATED AND REMANDED.