**Janice M. WHITE, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent**

No. 99–3198.

United States Court of Appeals, Federal Circuit.

June 12, 2000.

Irene Donna Thomas, Thomas & Associates, of New York, New York, for the petitioner.

Michael F. Kiely, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for the Respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director.

Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The petitioner White appealed to the Merit Systems Protection Board ("Board")

the Department of Veterans Affairs ("Department")'s refusal to rehire her following her removal in a reduction in force. She alleged that the Department had appointed others to positions for which she was qualified and had priority. The Board, noting that there was a question whether it had jurisdiction over the appeal, "ORDERED" White to submit within fifteen days "evidence and/or argument" on whether "another person was employed who otherwise could not have been appointed properly." *White v. Department of Veterans Affairs*, No. NY–0330–98–0298–I–1 (M.S.P.B. July 30, 1998) ("Notice on Jurisdiction"). White did not respond to that order, and the Board dismissed her appeal for lack of jurisdiction. *See White v. Department of Veterans Affairs*, No. NY–0330–98–0298–I–1 (M.S.P.B. Aug. 31, 1998) ("Initial Decision"). We affirm.

I

White had worked as a part-time licensed practical nurse for the Department for more than seven years. In August 1996, it removed her in a reduction-in-force. The reduction-in-force regulations entitled her to priority consideration for reemployment in other government positions. *See* 5 C.F.R. Part 330, subpart B. White contends that the Department denied her priority consideration for at least twenty positions for which she applied and was qualified.

White appealed the Department's refusal to reemploy her to the Board. She filed an appeal form on which, in response to the question "Briefly describe the agency action you wish to appeal," she alleged that the Department "has refused to rehire appellant though they have rehired approximately ten (10) outside LPN's … and … has further refused and failed to hire appellant for other positions … for which she was qualified." She made various other allegations including the claims that the

Department "has refused to follow the RIF reinstatement procedures" in "Violation of RIF Reinstatement Rules" and in "Violation of Labor Contract," and that the Department "has refused to seriously consider appellant's applications and has consistently hired people who did not have RIF reemployment rights and consideration." She also alleged that she has "been denied over twenty (20) positions (that I know of) [some of which] they filled" with "new hires." She listed those positions with a brief identification (e.g., "File clerk," "Nursing Assistants") and a date (presumably that of the alleged hiring). She listed an attorney as her representative in the appeal.

On May 21, 1998, the Board issued an acknowledgment order, giving the parties twenty-five days within which to file any initial requests or motions for discovery. *White v. Department of Veterans Affairs*, No. NY–0330–98–0298–I–1, slip op. at 3 (M.S.P.B. May 21, 1998) ("Acknowledgment Order"). Neither party did so. The Board also ordered the Department to submit, within twenty days, a "narrative response to the appeal and all material issues raised by appellant," including an explanation of "the filling of each vacancy to which appellant claims entitlement." *Id.* at 4–5. At the Department's request, the Board extended its time to July 20, 1998. On August 24, when the Department still had not submitted its response, the Board ordered it to do so, under penalty of sanction, by August 31. On the latter date, the Department filed a single page letter in response.

The letter did not provide the information regarding the positions listed in White's appeal form. It stated that "[f]ollowing the reduction-in-force, … Ms White was eligible for priority consideration for any vacancies that she was qualified for," and that she was referred but not selected for several positions. It argued that the "burden of proof falls upon the

appellant. There is no evidence to support Ms. White's allegations." Finally, the Department argued that Ms. White was not eligible for reemployment priority consideration under 5 C.F.R. § 330.206, because she was removed from a part-time position, and all but one of the positions for which she applied were full time. *See* 5 C.F.R § 330.206 (limiting priority consideration to positions "having the same type of work schedule as the position from which separated").

In the meantime, on July 30, 1998, the Board's administrative judge issued a Notice on Jurisdiction, stating that "the Board may not have jurisdiction over [White's] claim," that "[t]he appellant has the burden of proving that the instant appeal is within the Board's jurisdiction," (citing 5 C.F.R. § 1201.56(a)(2)), and that "[i]n order to be entitled to a hearing on the issue of jurisdiction, ... the appellant must raise a non-frivolous allegation that another person was employed who otherwise could not have been appointed properly." The Notice on Jurisdiction "ORDERED [White] to submit evidence and/or argument on this issue within 15 days."

White, who was represented by counsel, did not respond to this order, and the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, which became final when the Board declined to review it. *See White v. Department of Veterans Affairs*, 81 M.S.P.R. 657 (1999). The administrative judge stated that he did not hold a hearing on the issue of jurisdiction "because the appellant failed to plead facts which, if true, would establish jurisdiction." Initial Decision, slip op. at 1. He ruled that for the Board to have jurisdiction, White was required to "allege ... that another individual was employed in her place." Initial Decision, slip op. at 3. Because White "failed to name a person who was employed in violation of her reemployment

rights," the administrative judge found "that the Board lacks jurisdiction over her appeal." *Id.*

## II

The only issue is whether the Board correctly dismissed White's appeal for lack of jurisdiction. The Board may entertain only those cases over which a law, rule or regulation grants it jurisdiction to do so. *See* 5 U.S.C. § 7701(a). The relevant jurisdictional regulation, 5 C.F.R. § 330.209, provides:

> An individual who believes that his or her reemployment priority rights under this subpart have been violated because of the employment of another person who otherwise could not have been appointed properly may appeal to the Merit Systems Protection Board under the provisions of the Board's regulations.

As the Board correctly noted, White had the burden of proving that it has jurisdiction over her appeal. *See* 5 C.F.R. § 1201.56(a)(2). Usually the notice of appeal establishes jurisdiction. If the administrative judge concludes, however, that there is a question whether the Board has jurisdiction, normally he so informs the appellant, whom he directs to submit, within a specified time, evidence and argument on the issue. *Cf. Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir.1995).

That is what the administrative judge did in this case. In addition to general allegations about the Department's failure to hire her and its hiring of people for positions for which she was qualified, White also stated that she had "been denied over twenty (20) positions (that I know of) that they filled," and that she "qualified for" sixteen positions which she listed by description and a date following each one, which presumably was the date on which it was filled. She did not identify

any "person who otherwise could not have been appointed properly." 5 C.F.R. § 330.209.

■ Upon reviewing White's submissions, the administrative judge justifiably concluded that there was a question of jurisdiction, so informed White, and properly ordered her "to submit evidence and/or argument on the issue" whether "the instant appeal is within the Board's jurisdiction." When she did not respond to the order, the Board dismissed her appeal for lack of jurisdiction. Because White failed to submit facts supporting her allegations, the Board did not abuse its discretion in dismissing her appeal. *Cf. Cheguina v. Merit Sys. Protection Bd.*, 69 F.3d 1143, 1147 (Fed.Cir.1995); *Mendoza v. Merit Sys. Protection Bd.*, 966 F.2d 650, 654 (Fed.Cir.1992) (en banc).

■ White argues that the allegations in her appeal form were sufficient to establish the Board's jurisdiction, i.e., that she alleged facts, which if proven, would confer jurisdiction, and therefore, that she "was entitled, at minimum, to a hearing on the question of the Board's jurisdiction." Although the Board may hold a hearing to resolve disputed factual issues regarding jurisdiction, it need not do so unless "a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence." *Manning v. Merit Sys. Protection Bd.*, 742 F.2d 1424, 1428 (Fed.Cir.1984). "Although an appellant need not prove her entire case before she is entitled to a hearing, the board may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations." *Briscoe*, 55 F.3d at 1573. The Board requested such evidence, but White failed to provide it. In those circumstances, the Board justifiably dismissed the appeal. *See id.* at 1574.

White further argues that the Board "failed to give [her] legally sufficient notice

of the allegations needed to entitle her to a jurisdictional hearing." She relies on *Burgess v. Merit Sys. Protection Bd.*, 758 F.2d 641 (Fed.Cir.1985), in which this court held that the Board had not given sufficient notice because "[i]t failed to tell Burgess that a nonfrivolous allegation ... was required to establish an appealable jurisdictional issue, and that the production of factual evidence would be necessary to show that the board had jurisdiction and should grant a hearing." *Id.* at 643. In *Burgess*, however, the Board merely ordered the appellant "to show cause why her appeal should not be dismissed for lack of jurisdiction," and the appellant responded to the order. *Id.* at 642.

■ In this case, the administrative judge did much more. She told White that to obtain "a hearing on the issue of jurisdiction," she was required to "raise a nonfrivolous allegation that another person was employed who otherwise could not have been appointed properly." Although the order did not specify precisely what facts she was required to submit, it was sufficiently clear to inform White what she was required to do. If White was uncertain what was necessary, she could have requested clarification or an extension of time. Instead of so doing, she simply ignored the order. "A petitioner who ignores an order of the Administrative Judge does so at his or her peril. Litigants before the Board ... are obligated to respect the Board, its procedures, including deadlines, and the orders of the Board's judges." *Mendoza*, 966 F.2d at 653.

■ Finally, White argues that the Board "failed to give [her] an opportunity to properly support her allegations by not ordering the [Department] to timely respond to the Acknowledgment Order and, thus, hindering discovery." We do not condone the Department's failure timely to respond to the administrative judge's or-

der to explain the filling of the vacancies to which White claimed entitlement and, when it finally responded, failing to provide that information. The Department's failure to comply with that order, however, does not excuse White's failure to respond to another one. As noted, at the very least, she should have requested the administrative judge to extend her deadline until after the Department had submitted the information.

## CONCLUSION

The Board's order dismissing White's appeal for lack of jurisdiction is

*AFFIRMED.*