Before GAJARSA, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Cheryl A. Moore, petitioner, appeals from the decision of the Merit Systems Protection Board ("MSPB" or "Board"), *Moore v. Federal Deposit Ins. Corp.*, No. DA–3443–00–0204–I–1, 86 M.S.P.R. 691 (M.S.P.B. August 23, 2000), dismissing her appeal from the initial decision of the administrative judge for lack of jurisdiction. Because Ms. Moore failed to establish that she had satisfied the requirements necessary to vest the MSPB with jurisdiction over her appeal, in accordance with 5 U.S.C. § 3330a, we *affirm.*

**Cheryl A. MOORE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3001.

United States Court of Appeals, Federal Circuit.

May 10, 2001.

## BACKGROUND

The following facts are not in dispute. Ms. Moore was employed by the Federal Deposit Insurance Corporation in its Division of Supervision, Dallas Regional Office, as a secretary. In October 1999, the agency announced a vacancy for an administrative officer position. Ms. Moore applied for the position, but was found "not qualified" on the basis that she did not possess

a year of specialized experience as required.

On December 28, 1999, Ms. Moore filed an appeal with the MSPB seeking review of the agency's action. The administrative judge assigned to the appeal issued an Acknowledgment Order informing Ms. Moore that the Board might lack jurisdiction over her appeal. Ms. Moore was ordered to file evidence within fifteen days showing that the Board had jurisdiction.

Ms. Moore submitted a response stating that the agency's failure to select her for the announced vacancy was an adverse personnel action that denied her benefits under the Veterans Employment Opportunities Act of 1998 ("the VEOA"), codified at 5 U.S.C. § 3330a. The administrative judge issued an Order dated January 28, 2000, informing Ms. Moore that the Board has jurisdiction over a claim filed under the VEOA only if an appellant can show that three prerequisites are met: 1) the matter complained of occurred on or after October 31, 1998; 2) the appellant filed a complaint with the Secretary of Labor within sixty days after the date of the alleged agency violation; and 3) either a) the appellant waited at least sixty-one days after she filed her complaint with the Secretary of Labor before filing her appeal or; b) having received written notification from the Department of Labor within that time period stating that the department was unable to resolve her complaint, she filed an appeal to the Board no later than fifteen days from the date of receipt of that notification. In the Order, the administrative judge directed Ms. Moore to file a statement within ten days indicating that she had satisfied the prerequisites necessary to vest the Board with jurisdiction under the VEOA. Ms. Moore failed to file such a statement.

On February 8, 2000, the administrative judge issued an Initial Decision, dismissing Ms. Moore's appeal for lack of jurisdiction. In that decision, the administrative judge found that Ms. Moore had failed to show that she had exhausted her administrative remedies before the Department of Labor, as required by the VEOA. On August 23, 2000, the Board denied Ms. Moore's petition for review, making the Initial Decision final. Ms. Moore petitions this court for review.

## DISCUSSION

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). Our scope of review of MSPB decisions requires us to affirm the decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Mgmt.*, 791 F.2d 138, 140 (Fed. Cir.1986). Petitioner bears the burden of establishing error in the agency decision. *Id.*

Section 3330a provides, in relevant part:

> (a)(1) A preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor.

> (2)(A) A complaint under this subsection must be filed within 60 days after the date of the alleged violation.

> . . . .

> (d)(1) If the Secretary of Labor is unable to resolve a complaint under subsection (a) within 60 days after the date on which it is filed, the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board in accordance with such procedures as the

Merit Systems Protection Board shall prescribe, except that in no event may any such appeal be brought—

    (A) before the 61st day after the date on which the complaint is filed; or

    (B) later than 15 days after the date on which the complainant receives written notification from the Secretary under subsection (c)(2) [providing for written notice where the Secretary's investigation does not result in resolution of the complaint].

    (2) An appeal under this subsection may not be brought unless—

    (A) the complainant first provides written notification to the Secretary of such complainant's intention to bring such appeal; and

    (B) appropriate evidence of compliance with subparagraph (A) is included (in such form and manner as the Merit Systems Protection Board may prescribe) with the notice of appeal under this subsection.

Thus, before a preference eligible can appeal to the Board, she or he must file a complaint with the Secretary of Labor. As noted, the veteran can only file the appeal after sixty-one days from the date the complaint was filed with the Secretary of Labor, where no response is received within that time period, or within fifteen days of receiving notification from the Department of Labor that it cannot resolve the complaint. 5 U.S.C. § 3330a(d)(1).

The record contains no evidence of a written complaint filed with the Secretary of Labor concerning the petitioner's termination, nor does the petitioner assert that she filed such a complaint. The administrative judge provided the petitioner with a detailed explanation of the information she was required to submit under the VEOA to establish Board jurisdiction. "A petitioner who ignores an order of the Administrative Judge does so at his or her peril. Litigants before the Board ... are obligated to respect the Board, its procedures, including deadlines, and the orders of the Board's judges." *White v. Department of Veterans Affairs*, 213 F.3d 1381, 1385 (Fed.Cir.2000) (citing *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc)). Because the petitioner did not file a complaint with the Department of Labor within the time period prescribed, we hold that the Board does not have jurisdiction over Ms. Moore's VEOA claim.

Accordingly, we conclude that the Board did not abuse its discretion in this case and properly dismissed Ms. Moore's claim. That dismissal is hereby affirmed.