Michele A. BEAN, Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

Nos. 01–3363, 02–3002.

United States Court of Appeals, Federal Circuit.

April 3, 2002.

Before LOURIE, BRYSON, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Michele A. Bean petitions for review of the final decisions of the Merit Systems Protection Board dismissing her appeals for lack of jurisdiction. *Bean v. Dep't of the Air Force,* AT–3443–00–0798–I–1, 2001 WL 760620 (M.S.P.B. June 29, 2001) (final orders). Because she has not shown that the Board erred, we *affirm.*

## DISCUSSION

Ms. Bean worked as a Child Development Program Leader and caregiver in the Infant Section for the Air Force ("the agency") at the Hurlburt Field Child Development Center. *Bean v. Dep't of the Air Force,* No. AT–3443–00–0798–I–1, slip op. at 1 (M.S.P.B. Sept.25, 2000) (*"Bean I"*). On or about March 6, 2000, her supervisor informed her that she would be reassigned from the Infant Section to an equivalent position in the Toddler Section. *Id.* at 2. Ms. Bean apparently felt unqualified to work in the toddler room and sought medical attention for her fear and anxiety concerning the reassignment. *Id.* On March 28, 2000, Bean gave her supervisor a medical report stating that she suffered from anxiety, panic, and depressive disorders. *Id.* On April 7, 2000, the agency reassigned her to an unclassified temporary position to perform clerical and administrative duties. *Id.* Bean then submitted to a fitness-for-duty examination, after which the agency's doctor determined on August 9, 2000, that Bean was not medically qualified for her position as a Child Development Program Leader. *Id.* Bean apparently continued her employment in the temporary assignment. *Id.*

In Bean's first appeal to the Board concerning the agency's determination that Bean was not medically qualified for her

position, the Board notified Bean that there was a question of jurisdiction and requested additional argument or evidence relating to that issue. *Id.* at 2. In response, Bean submitted a declaration and an amended appeal, arguing that the agency had made a suitability determination in finding her unfit for her position, which was an appealable action under 5 C.F.R. § 731.103(d). *Id.* The Board, however, concluded that it only had jurisdiction over suitability determinations made by OPM or an agency designee, and that Bean had not alleged that OPM itself had made the alleged suitability determination or that it had specifically delegated authority to the agency to make that determination. *Id.* at 3. In any event, the Board concluded that OPM or an agency designee could not have made a suitability determination because section reassignments are specifically excluded from OPM's investigative authority under 5 C.F.R. § 731.301. *Id.* The Board also reasoned that suitability disqualification actions are based upon the conduct of an individual pursuant to 5 C.F.R. § 731.202, not upon alleged medical conditions. *Id.* at 4. Finally, the Board concluded that the reassignment itself was not appealable to the Board because it did not involve a reduction in pay or grade. *Id.* Accordingly, on September 25, 2000, the Board dismissed the appeal for lack of jurisdiction. *Id.*

On December 1, 2000, the agency sent Bean a notice of proposed removal based on the determination that she was medically unable to perform the essential duties of a Child Development Program Leader. *Bean v. Dep't of the Air Force*, No. AT–0752–01–0284–I–1, slip op. at 1 (M.S.P.B. Feb.28, 2001) (*"Bean II"*). Bean allegedly again became distraught and contacted her doctors, who requested that the supervisor suspend the removal until Bean could apply for worker's compensation and disability retirement benefits. On December 4,

2000, Bean requested indefinite sick leave. On December 21, 2000, she appealed to the Board a second time, alleging that her application for indefinite sick leave was involuntary and constituted an appealable action as a constructive suspension pursuant to 5 U.S.C. § 7512(2). *Id.* The Board again dismissed her appeal for lack of jurisdiction, concluding that Bean had failed to make a nonfrivolous allegation that her request for leave was involuntary. *Id.* at 3.

Bean appealed both initial decisions to the full Board. The Board denied her petitions for review, thus rendering the initial decisions final. *See* 5 C.F.R. § 1201.113(b) (2001). Bean timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and will consider the two appeals together.

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Gibson v. DVA*, 160 F.3d 722, 725 (Fed.Cir.1998).

On appeal, Bean argues that she was denied her procedural due process right to a jurisdictional hearing because the Board did not inform her that the jurisdictional issue would be decided without a hearing and it did not put her on clear notice of what she had to allege in order to obtain a jurisdictional hearing, citing *Burgess v. MSPB*, 758 F.2d 641 (Fed.Cir.1985). She additionally argues that she made a nonfrivolous allegation that entitled her to a hearing on whether she was removed from her position "under the disguise" of a reassignment and detail. Finally, with respect

to her second appeal, Bean argues that her involuntary placement on sick leave was an appealable constructive suspension. She also argues that the agency never allowed her to demonstrate acceptable performance as required by regulation and that it unfairly denied her request for reasonable accommodation.

■ We agree with the agency that Bean was not denied due process. Bean is not entitled to a separate jurisdictional hearing. *Rose v. Dep't of Health and Human Servs.*, 721 F.2d 355, 357 (Fed.Cir. 1983) ("No statutory right to a hearing to contest jurisdiction being provided, petitioner's argument must fail."). The burden is on the petitioner to assert "nonfrivolous" allegations sufficient to confer jurisdiction on the Board, in which case it will proceed to consider the case on the merits. *Schmittling v. Dep't of the Army,* 219 F.3d 1332, 1336 (Fed.Cir.2000). Moreover, the Board is not required to tell a petitioner what specific allegations must be pled in order to make her case for jurisdiction. *Id.* Rather, the Board affords adequate notice by informing the petitioner of what must generally be done to establish jurisdiction, *i.e.,* the petitioner must raise a nonfrivolous allegation that would establish an appealable jurisdictional issue. *White v. Dep't of Veterans Affairs,* 213 F.3d 1381, 1385 (Fed.Cir.2000) (interpreting *Burgess,* 758 F.2d at 642).

■ In this case, Bean clearly understood what was required by the Board's "show cause" order. She submitted evidence in support of her jurisdictional allegations, arguing that the Board had jurisdiction over what she considered to be a negative suitability determination pursuant to 5 C.F.R. § 731.103(d). *Bean I* at 2–3. We agree with the agency, however, that those submissions were not in fact nonfrivolous allegations that would support jurisdiction. Bean did not allege that

OPM or an agency designee made those suitability determinations, as the regulation requires. Moreover, OPM or an agency designee could not have made such a suitability determination because section reassignments are excluded from OPM's authority to make suitability determinations under 5 C.F.R. § 731.301(a)(1)(iii), and in any event OPM's authority reaches only to determinations based on an individual's character or conduct, not an individual's medical condition, *id.* at § 731.101. Bean's medical evaluation thus does not qualify as a "suitability determination" within the meaning of the regulation that gives the Board jurisdiction to hear appeals from such determinations. Finally, because the reassignment did not involve a reduction in pay or grade, it was not, as Bean argues, an adverse removal action in disguise and thus appealable. *See Wilson v. MSPB,* 807 F.2d 1577, 1580 (Fed.Cir. 1986) ("[A] reduction in responsibility without a concurrent reduction in grade or pay . . . is not appealable to the Board."). Furthermore, Bean's allegations that she left the service involuntarily after requesting indefinite sick leave do not bear on the question of the appealability of the reassignment, as any reduction in pay or grade must be ascertainable at the time of the reassignment for purposes of appealability. *See McEnery v. MSPB,* 963 F.2d 1512, 1515–16 (Fed.Cir.1992) (explaining that a reduction in pay is not contingent on anticipated future developments). We therefore agree with the agency that Bean has not raised any arguments on appeal demonstrating that the Board's conclusions concerning the legal insufficiency of her allegations are contrary to law or unsupported by substantial evidence.

■ We also agree with the agency that Bean did not sufficiently allege that her request for sick leave was involuntary and thus a constructive suspension and an ap-

pealable action pursuant to 5 U.S.C. § 7512(2). Voluntary employee actions are not within the jurisdiction of the Board. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1244 (Fed.Cir.1991). Bean herself requested leave. In her brief to the Board, Bean acknowledges that she requested that the agency stay its proposed notice of removal so that she could apply for disability benefits. She strategically initiated what she now argues was a constructive suspension and cannot now credibly argue that the agency forced her to make that request. Bean's other arguments concerning the agency's alleged fault in not accommodating her medical condition or giving her an opportunity to demonstrate acceptable performance relate to the merits of why, assuming there had been a constructive suspension, that suspension was improper. As we are not persuaded that the agency constructively suspended her, those arguments are unavailing. We therefore conclude that substantial evidence supports the Board's dismissal of Bean's second appeal for lack of jurisdiction.

Because the Board's decisions dismissing Bean's appeals for lack of jurisdiction were supported by substantial evidence and were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.