**Cedrick WARREN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 03–3020.**

United States Court of Appeals, Federal Circuit.

July 15, 2003.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

RADER, Circuit Judge.

Mr. Cedrick Warren seeks review of a final decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. *Warren v. United States Postal Serv.*, AT–0752–01–0410–I–1 (M.S.P.B. Aug. 28, 2002). Because the Board correctly denied Mr. Warren's petition for review, this court *affirms*.

I.

Mr. Warren served as a flat machine sorter operator with the United States Postal Service (USPS) for over six years. Mr. Warren participated in a USPS supervisor-training program and on July 15, 2000, was promoted to the position of supervisor, distribution operations. On March 2, 2001, he was separated from that position for receiving pay under false pretense, leaving work without permission, and unacceptable conduct.

Mr. Warren timely appealed his separation to the Board's Atlanta Regional Office. On April 6, 2001, the USPS filed a motion to dismiss the appeal for lack of jurisdiction. Mr. Warren did not respond in the time allotted. On May 9, 2001, the administrative judge canceled a scheduled prehearing conference and hearing and, noting that the record on jurisdiction was incomplete, ordered the USPS to file descriptions of Mr. Warren's positions before and after his promotion. Mr. Warren then filed a prehearing submission. On May 11, 2001, the administrative judge issued an order stating that Mr. Warren's prehearing submission incorrectly asserted

that Mr. Warren's position as supervisor alone established jurisdiction. The order reopened the record for ten days and notified Mr. Warren that to establish jurisdiction he must present evidence to show that he completed one year of current continuous service in a same or similar position immediately prior to his separation.

On May 30, 2001, the administrative judge issued an initial decision concluding that the Board had no jurisdiction because there was a substantial difference between his original flat sorter machine operator position and his new supervisory position, and thus Mr. Warren did not complete one year of current continuous service in a same or similar position.

On July 4, 2001, Mr. Warren timely filed a petition for review by the Board of the administrative judge's initial decision. Mr. Warren argued for the first time that the USPS improperly failed to notify him that he would lose his appeal rights if he accepted the supervisory position. On August 28, 2002, the Board denied Mr. Warren's petition for review. The Board concluded that Mr. Warren's petition did not constitute new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that would affect the outcome. The Board adopted the administrative judge's initial decision as the Board's final decision.

## II.

This court affirms a final decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

■ This court discerns no legal error in the administrative judge's conclusion

that jurisdiction was lacking. The Board has jurisdiction to hear an appeal of an adverse action by a USPS employee if that employee is a supervisor who has completed one year of current continuous service in the same or similar positions. 39 U.S.C. § 1005(a)(4)(A)(ii) (2000).

Mr. Warren was a supervisor when the USPS separated him. Mr. Warren conceded to the administrative judge that he did not complete one year of service in the supervisory position. The USPS position descriptions provide substantial evidence supporting the administrative judge's finding of a significant difference between the duties of a flat machine sorter operator and a supervisor, distribution operations. The administrative judge correctly concluded that the Board had no jurisdiction to hear this case.

■ Mr. Warren contends that the administrative judge erred in failing to notify him that he could establish jurisdiction by presenting evidence that the USPS did not inform him that he would lose his appeal rights upon accepting the supervisory position.

An administrative judge must notify a petitioner of what must generally be done to establish jurisdiction, i.e., that the petitioner must present facts to support a nonfrivolous allegation that would establish jurisdiction. *Burgess v. Merit Sys. Prot. Bd.*, 758 F.2d 641, 643 (Fed.Cir.1985). Here, the administrative judge issued an order reopening the record after Mr. Warren failed to respond to the USPS's motion to dismiss. The order required Mr. Warren to present within ten days "facts which, if proven, would tend to establish that he completed one year of current continuous service in a same or similar position immediately prior to his removal." In doing so, the administrative judge provided adequate notice about the jurisdictional requirements. *See White*, 213 F.3d

at 1385 (stating that the administrative judge's order need not specify precisely what facts the appellant should submit).

Mr. Warren's reliance on *Burgess* is unavailing because, in contrast to this case, the Board in *Burgess* erred in providing no detail to the appellant about how to establish jurisdiction. *See White v. Dep't of Veterans Affairs,* 213 F.3d 1381, 1385 (Fed.Cir.2000) (noting that in *Burgess* there was insufficient notice in a simple order to show cause why the appeal "should not be dismissed for lack of jurisdiction").

Mr. Warren now seeks to argue that the USPS improperly failed to notify him that he would lose his appeal rights by accepting the supervisor position. Mr. Warren contends that such failure by an agency reverts the affected employee to the prior protected status, citing *Park v. Dep't of Health & Human Servs.,* 78 M.S.P.R. 527, 534 (1998) and *Exum v. Dep't of Veterans Affairs,* 62 M.S.P.R. 344 (1994). However, Mr. Warren raised this issue for the first time in his petition for review. If a party in a Board proceeding does not raise an issue before the administrative judge or raises the issue for the first time in a petition for review, this court will not consider the issue. *See Bosley v. Merit Sys. Prot. Bd.,* 162 F.3d 665, 668 (Fed.Cir.1998).

In the final order of August 28, 2002, the Board concluded that there was no new, previously unavailable, evidence before it and that the administrative judge made no error in law or regulation. Mr. Warren has presented to the Board no new evidence that was previously unavailable, and this court discerns no legal error in the administrative judge's initial decision now made final. Absent such evidence or legal error, the Board correctly denied the petition for review. *See* 5 C.F.R. § 1201.115(d) (2002).