**James E. SMITH, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3122.

United States Court of Appeals, Federal Circuit.

Nov. 7, 2003.

Before MAYER, Chief Judge, BRYSON and LINN, Circuit Judges.

PER CURIAM.

James E. Smith ("Smith") seeks review of the final decision of the Merit Systems Protection Board ("Board"), dismissing for

lack of jurisdiction his appeal for restoration rights. *See Smith v. United States Postal Serv.*, No. DA–0353–01–0341–I–1 (M.S.P.B. February 26, 2002) (initial decision) (*"Smith"*). Because the Board's decision was supported by substantial evidence and was not arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with the law, we *affirm*.

## BACKGROUND

Smith began employment with the Postal Service on August 8, 1981, and worked as a letter carrier. On June 17, 1993, Smith "wrongfully took possession of a letter that was entrusted to him" by virtue of his position as a letter carrier. *Smith* at 2. He resigned on the same day, under allegations of wrongdoing of misappropriating mail.

On May 12, 1994, Smith filed a claim for post-traumatic stress disorder ("PTSD") with the Department of Labor, Office of Workers' Compensation Programs ("OWCP"), alleging that exposure to tuberculosis from a co-worker caused his illness. His claim was approved on January 20, 1998, retroactive to June 17, 1993. Smith's OWCP benefits ended on July 5, 2000, after which Smith applied for reemployment with the Postal Service. On February 21, 2001, the Postal Service denied Smith restoration. *Smith* at 3.

Smith appealed the agency's decision to the Board on March 14, 2001, alleging that the agency had improperly failed to restore him after his recovery from a compensable illness. *Smith* at 2. Following a pre-hearing conference, the administrative judge found that Smith was not separated from his employment because of his compensable injury, but rather voluntarily resigned from his position because he was caught stealing mail. *Smith* at 4. Smith's appeal was consequently dismissed for lack

of jurisdiction. *Smith* at 5. The initial decision of the administrative judge became the final decision of the Board on November 22, 2002. Smith now petitions this court for review. We have jurisdiction to review a final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). The scope of the Board's jurisdiction, however, is a question of law that we review de novo. *Starkey v. Dep't of the Navy*, 198 F.3d 851, 853 (Fed. Cir.2000).

Ordinarily, "[a]n individual who is ... entitled to priority consideration ... may appeal a violation of his/her restoration rights to the Merit Systems Protection Board." 5 C.F.R. § 302.501. A person entitled to priority consideration is someone who is "separated without misconduct, from a position without time limit, because of a compensable injury." 5 C.F.R. § 302.103. However, an employee who voluntarily resigns has no right of appeal to the Board. *Mueller v. United States Postal Serv.*, 76 F.3d 1198, 1201 (Fed.Cir.1996); *Covington v. Dept. of Health & Human Servs.*, 750 F.2d 937, 941 (Fed.Cir.1984). It is Smith's burden to show that the Board has jurisdiction of his appeal of a denial of restoration. *Minor v. Merit Serv. Prot. Bd.*, 819 F.2d 280, 282 (Fed.Cir. 1987); 5 C.F.R. § 1201.56(a)(2)(i).

In his appeal to this Court, Smith argues that he presented sufficient evidence before the Board to establish a nexus between his compensable injury and his

resignation on June 17, 1993. To support his claim before the Board, Smith provided letters from OWCP approving benefits retroactive to his separation date and doctor's testimony that he was experiencing PTSD before his separation date. This is insufficient, however, to carry Smith's burden of proof to show that his separation resulted from or was substantially related to his compensable injury. *See Cox v. Merit Sys. Prot. Bd.*, 817 F.2d 100, 101 (Fed.Cir. 1987) (affirming the Board's finding of lack of jurisdiction in a case where the employee "relied solely on the OWCP decision and offered no evidence in support of his assertion that his removal was related to his disability"). Further, much of the evidence submitted cuts the other way. Smith himself stated at his July 5, 2001 oral deposition that he resigned because of "bad choices" he had made and because of his theft of mail. *Smith* at 3. Because Smith voluntarily resigned from his position and he has not shown that his separation was due to his compensable injury, he has no right of appeal to the Board.

Smith argues alternatively that that the Board did not properly instruct him regarding his burden to show jurisdiction, relying on our decision in *Burgess v. Merit Systems Protection Board*, 758 F.2d 641 (Fed.Cir.1985). In *Burgess*, the administrative judge issued a show-cause order to the plaintiff instructing her to show why her appeal should not be dismissed for lack of jurisdiction. *Burgess* at 642. On the basis of her written response, which was characterized as a "mere conclusion" because it offered no evidence, her appeal was dismissed for lack of jurisdiction. *Id.* This court vacated and remanded the dismissal because the show-cause order did not instruct Burgess that she needed to show a non-frivolous allegation of involuntariness, supported by factual evidence, in order to prove the Board's jurisdiction of her claim. *Id.* at 643. Our precedent does

not require explicit instruction; rather, the administrative judge is required only to put the petitioner on notice that he must submit "evidence and argument on the issue." *White v. Dep't of Veterans Affairs*, 213 F.3d 1381, 1384 (Fed.Cir.2000).

■ The order in the instant case directed Smith to "file evidence and argument to prove that this action is within the Board's jurisdiction." *See Smith v. United States Postal Serv.*, No. DA–0353–01–0341–I–1 (M.S.P.B. Mar.23, 2002) (acknowledgement order) at 2. Smith, represented by counsel, was given ample opportunity to present evidence and argument in response to the acknowledgement order, and in fact, did so. Smith responded in writing in briefs of April 3, 2001 and April 23, 2001. Smith also participated in prehearing telephone conferences, addressing the jurisdictional issue among other things, on June 25, 2001 and July 10, 2001. Further, a proceeding was held before the administrative judge on July 20, 2001. At each turn, Smith offered evidence and argument in support of his jurisdictional allegations. For these reasons, we do not find the Board's acknowledgement order to be defective as a matter of law.

We have carefully considered the arguments asserted by Smith and conclude that he has not demonstrated that the Board's decision was unsupported by substantial evidence. Additionally, Smith has not persuaded us that we have any other basis to disturb the factual findings of the Board. Finally, Smith does not argue, nor do we find, that the Board's decision was arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law. Therefore, the Board did not err in concluding that Smith's resignation was voluntary, in determining that his separation was not due to his compensable injury, and in dismiss-

ing his appeal for lack of jurisdiction. The decision of the Board is *affirmed*