# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL BLACKFORD,
             Appellant,

        v.

UNITED STATES POSTAL SERVICE,
             Agency.

DOCKET NUMBER
DA-3443-14-0329-I-1

DATE: October 31, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Trang Q. Tran, Esquire, Houston, Texas, for the appellant.

Julianne Bongiorno Bythrow, Esquire, Arlington, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is employed as a Technical Operations Officer with the agency's Office of the Inspector General (OIG), a position which requires him to maintain a security clearance. Initial Appeal File (IAF), Tab 6 at 11-12.

¶3 On January 16, 2014, the agency proposed to remove the appellant from his position based upon charges of unauthorized disclosure of information and misuse of a government-issued travel card. IAF, Tab 9 at 7-13. Approximately 2 weeks later, the agency rescinded the notice of proposed removal. *Id.* at 18-19. On March 4, 2014, the agency notified the appellant that his security clearance would be revoked, effective March 19, 2014, based upon his intentional and unauthorized disclosure of confidential OIG investigative records. IAF, Tab 6 at 12-14.

¶4 The appellant initiated an appeal challenging the revocation of his security clearance. IAF, Tab 1 at 5, 7. In response, the agency filed a motion to dismiss the appeal on the grounds that the appellant was not an employee with appeal rights to the Board, and that the Board lacked jurisdiction to review the merits of the agency's decision to revoke his security clearance. IAF, Tab 6 at 4-9.

¶5      The administrative judge issued an order requiring the appellant to submit evidence and argument demonstrating that the Board had jurisdiction over his appeal.  IAF, Tab 8 at 2.  The order explained that the revocation of a security clearance is not an action that is appealable to the Board.  *Id.* at 1.  The order further explained that, as a U.S. Postal Service employee, to establish the Board's jurisdiction over his appeal, the appellant was required to demonstrate that he: (1) was a preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) had completed 1 year of current, continuous service in the same or a similar position.  *Id.* at 1-2 (citing *Henderson v. U.S. Postal Service*, 95 M.S.P.R. 454, 457 (2004)).

¶6      In response, the appellant argued that the agency had revoked his security clearance for the sole purpose of removing him from his position without Board review, that the revocation of his security clearance was a removal action, and that the revocation of his security clearance was unjustified.  IAF, Tab 9 at 4-5.  The appellant did not address the Board's jurisdiction over his claim as a U.S. Postal Service employee.  *Id.*

¶7      Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 10, Initial Decision (ID) at 1-4 & n.1.  She found that the Board lacked jurisdiction to review the merits of a security clearance determination, and that the appellant failed to raise a nonfrivolous allegation that he was a Postal Service employee with appeal rights to the Board.  ID at 2, 4.   The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant is not an employee with appeal rights to the Board.</u>

¶8      In his petition for review, the appellant argues that the administrative judge erred in finding that he was not an employee with appeal rights to the Board. PFR File, Tab 1 at 4.  We disagree.

¶9      The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving Board jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(a)(2)(i).  A U.S. Postal Service employee may file a Board appeal under chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B).  *See* 5 U.S.C. § 7511(b)(8).  Thus, as correctly stated by the administrative judge, to appeal an adverse action under chapter 75, a U.S. Postal Service employee must:  (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions.  *See Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).

¶10      The appellant admitted that he is not preference eligible.  *See* IAF, Tab 1 at 2.  The appellant did not allege below that he was a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity.  *See* IAF, Tab 9 at 4-5.  Accordingly, the administrative judge properly found that the appellant failed to make a nonfrivolous allegation that he was an employee with appeal rights to the Board.[2]  ID at 4.

---

[2] The parties did not address the issue of whether the appellant completed 1 year of current continuous service in the same or similar positions.  *See* IAF, Tab 6, Tab 9; PFR File, Tabs 1, 3.  We find that we need not address this issue, having determined that the appellant is not an employee with appeal right to the Board on other grounds.

¶11 For the first time on review, the appellant argues that he is an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. PFR File, Tab 1 at 4. In support of this assertion, the appellant submits his position description, which he contends he did not provide to the administrative judge below because he was uncertain what type of evidence was necessary to establish that he engaged in personnel work.[3] *Id.* The appellant further asserts that no authority offers guidance regarding what is necessary to establish that a U.S. Postal Service employee engages in this type of work. *Id.*

¶12 The Board will ordinarily not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, because this argument implicates the Board's jurisdiction, and the issue of jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding, we will consider this argument. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003). In any case, the appellant's position description was included in the record below. *See* IAF, Tab 6 at 16-18.

---

[3] To the extent that the appellant alleges that the administrative judge failed to provide him with proper notice regarding what was necessary to establish that he was a U.S. Postal Service employee with appeal rights to the Board, we disagree. The administrative judge advised the appellant that he was required to demonstrate, in pertinent part, that he was an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. IAF, Tab 8 at 1-2. The administrative judge was not required to specify the precise facts that the appellant was required to prove in order to establish the Board's jurisdiction over his claim. *See White v. Department of Veterans Affairs*, 213 F.3d 1381, 1385 (Fed. Cir. 2000). We find the notice was sufficient. Furthermore, even assuming for the sake of argument that the administrative judge's explanation was inadequate, we would still find that the appellant had adequate notice because the agency's motion to dismiss discussed the legal criteria necessary to establish that a U.S. Postal Service employee is a personnelist. *See* IAF, Tab 6 at 6-7. Thus, the agency's motion to dismiss cured any deficiencies in the administrative judge's order. *See Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007).

¶13  On review, the appellant alleges that he was engaged in personnel work in other than a purely nonconfidential clerical capacity because his position involves making covert video recordings for OIG investigations, which are used to uncover and prosecute violations by U.S. Postal Service employees. PFR File, Tab 1 at 4. However, the definition of an "employee engaged in personnel work in other than a purely nonconfidential clerical capacity" does not extend to all employees engaged in personnel-related work of a confidential and sensitive nature. *See Benifield v. U.S. Postal Service*, 40 M.S.P.R. 50, 52-54 (1989). When determining whether a U.S. Postal Service employee engages in personnel work in other than a purely nonconfidential clerical capacity, the Board has been guided by the National Labor Relation Board's definition of a "confidential employee," which is limited to those employees who assist and act in a confidential capacity to persons who formulate, determine and effectuate management policy in the field of labor relations or regularly have access to confidential information concerning anticipated changes which may result from collective bargaining negotiations. *Wilson v. U.S. Postal Service*, 109 M.S.P.R. 60, ¶ 9 (2008); *Law v. U.S. Postal Service*, 77 M.S.P.R. 30, 34 (1997) (quoting *McCandless v. Merit Systems Protection Board*, 996 F.2d 1193, 1199 (Fed. Cir. 1993)). The appellant's position description indicates that, as a Technical Operations Officer, he is responsible for providing expert advice to field agents to assist in the collection of electronic evidence. IAF, Tab 6 at 16. The position description does not indicate that the appellant acts in a confidential capacity to individuals who formulate or effectuate management policy in the field of labor relations or that he regularly has access to confidential information concerning anticipated changes which may result from collective bargaining negotiations. *Id.* at 16-22. Accordingly, the appellant has failed to meet his burden to establish that he is a U.S. Postal Service employee with appeal rights to the Board.

<u>The Board lacks jurisdiction to review the merits of the agency's decision to revoke the appellant's security clearance.</u>

¶14      On review, the appellant repeats his argument, made below, that there are no legitimate security issues that justify the revocation of his security clearance, and that the agency revoked his security clearance to effectuate a conduct-based removal that was insulated from Board review.  PFR File, Tab 1, at 5; IAF, Tab 9 at 4-5.  The administrative judge correctly found that the Board lacks jurisdiction to review the merits of an agency's decision to revoke a security clearance.  *See Department of the Navy v. Egan*, 484 U.S. 518, 526-34 (1988); *see also Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶¶ 7-8 (2014).   The appellant's arguments that the revocation of his security clearance was unjustified and that his clearance was revoked as a pretext to remove him from his position go to the merits of his security clearance determination and are not reviewable by the Board.[4]  *See Romero v. Department of Defense*, 527 F.3d 1324, 1329 (Fed. Cir. 2008) (upholding the Board's rejection of an appellant's argument that the revocation of a security clearance was retaliatory).

<u>The appellant was not entitled to a hearing because he failed to present nonfrivolous allegations of Board jurisdiction.</u>

¶15      In his petition for review, the appellant alleges that the administrative judge erred in not affording him the opportunity to present evidence regarding the Board's jurisdiction over his appeal at a hearing.  PFR File, Tab 1 at 3.  We disagree.

¶16      An appellant is entitled to a jurisdictional hearing only if he makes a nonfrivolous allegation of Board jurisdiction, i.e., an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the

---

[4]  Moreover, although the appellant alleges that the revocation of his security clearance was a conduct-based removal, the appellant has not submitted any evidence indicating that he has been removed from his position as a Technical Operations Officer.  In the agency's response to the appellant's petition for review, the agency represented that the appellant remained employed by the agency in a leave status.  PFR File, Tab 3 at 12.

matter at issue.  *See Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14 (2013).  Neither below, nor on review, has the appellant alleged facts that would enable him to meet the definition of a U.S. Postal Service employee entitled to appeal to the Board.  Therefore, we discern no error in the administrative judge's decision to make her jurisdictional finding on the written record.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.