NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTORIA MILLER,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3132

---

Petition for review of the Merit Systems Protection Board in No. AT3330130715-I-1.

---

Decided:  November 12, 2014

---

VICTORIA MILLER, of Atmore, Alabama, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, *Chief Judge,* MAYER and LOURIE, *Circuit Judges.*

PER CURIAM.

Ms. Victoria Miller, petitioner, appeals from a decision of the Merit Systems Protection Board ("MSPB" or "Board"), *Miller v. U.S. Postal Serv.*, No. AT3330130715-I-1 (M.S.P.B. May 15, 2014), dismissing her appeal for lack of jurisdiction. Because Ms. Miller failed to establish that the MSPB had jurisdiction over her appeal, in accordance with 5 U.S.C. § 3330a(a)(2)(A), we affirm.

BACKGROUND

The following facts are not in dispute. Ms. Miller was employed by the United States Postal Service ("USPS") as a Transitional Carrier. On or about February 2013, Ms. Miller applied for, and was subsequently not hired for, five different City Carrier Assistant positions. Ms. Miller argues that the USPS did not hire her because of a "Passover." On March 11, 2013, Ms. Miller received a letter from the USPS notifying her that the USPS had "submitted a request to the Office of Personnel Management ("OPM") for authorization to 'Passover' [Ms. Miller] as a compensable veteran and hire a non-preference eligible as a City Carrier Assistant." Resp't App. 22. The letter additionally explains that Ms. Miller was being passed over because of her prior performance, including her failure to deliver mail on her assigned route.

On June 27, 2013, Ms. Miller filed an appeal with the MSPB seeking review of the USPS's failure to hire her. For the purpose of determining whether the Board had jurisdiction, on July 11, 2013, the Administrative Judge ordered Ms. Miller to provide "the date [she] believe[d] the agency violated [her] veterans' preference rights, the date [she] filed a complaint with the Secretary of Labor, and the date [she] received written notice, if any, from the Secretary." Resp't App. 36. The Administrative Judge ordered Ms. Miller to respond in twelve calendar days. Ms. Miller failed to respond.

On August 14, 2013, the Administrative Judge issued its Initial Decision, dismissing Ms. Miller's appeal for lack of jurisdiction. The Administrative Judge found that Ms. Miller had been put on notice that she needed to establish that the Board had jurisdiction over her claim, but that she had failed to provide any such evidence. Specifically, the Administrative Judge found that Ms. Miller had provided no evidence that she had exhausted her remedies with the Department of Labor.

On May 15, 2014, the Board issued a nonprecedential Final Order denying Ms. Miller's Petition for Review. The Board found that Ms. Miller had failed to submit a response to the Administrative Judge's jurisdictional order and thus failed to demonstrate exhaustion of her administrative remedy.

## DISCUSSION

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). Per 5 U.S.C. § 7703(c), the court will only set aside agency actions, findings, or conclusions if the court determines them to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." *See Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed. Cir. 1986).

For MSPB cases, the petitioner bears the burden of establishing error in the agency's decision. Here, that would mean that Ms. Miller bears the burden of demonstrating that the MSPB did have jurisdiction over her case.

For the MSPB to have jurisdiction, the petitioner must first exhaust her administrative remedies by filing a complaint with the Secretary of Labor within sixty days of the alleged violation. 5 U.S.C. § 3330a(a)(2)(A). Then, if the Secretary of Labor is unable to resolve the complaint

within sixty days, or within fifteen days of the petitioner receiving written notification from the Department of Labor that it cannot resolve the complaint, the complainant may appeal to the MSPB. *Id*. § 3330a(d)(1).

The record is devoid of any evidence that Ms. Miller filed a complaint with the Secretary of Labor, nor does Ms. Miller now claim that she did file such a letter. "A petitioner who ignores an order of the Administrative Judge does so at his or her peril. Litigants before the Board . . . are obligated to respect the Board, its procedures, including deadlines, and the orders of the Board's judges." *White v. Dep't of Veterans Affairs*, 213 F.3d 1381, 1385 (Fed. Cir. 2000) (quoting *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) (ellipsis in original). As Ms. Miller did not provide evidence that she exhausted her administrative remedies, we hold that the Board does not have jurisdiction over her claim.

Accordingly, we conclude that the Board did not abuse its discretion in this case and properly dismissed Ms. Miller's claim. That dismissal is hereby affirmed.

**AFFIRMED**

COSTS

Each party shall bear its own costs.