**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BYRON GILES,
      Appellant,

v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
DA-3443-15-0523-I-1

DATE: March 10, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Byron Giles</u>, Shreveport, Louisiana, pro se.

<u>Brandi M. Powell</u>, New Orleans, Louisiana, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2    The appellant, a GS-11 Information Technology (IT) Specialist, appealed his nonselection for promotion to the GS-12 position of Supervisory IT Specialist. Initial Appeal File (IAF), Tab 1.  He requested a hearing.  *Id*. The administrative judge dismissed the appeal for lack of jurisdiction without holding the hearing that the appellant requested, finding that generally the Board does not have jurisdiction over nonselections, and that the appellant failed to allege jurisdiction under any of the exceptions to the general rule, i.e., that the agency's decision constituted retaliation for whistleblowing, discrimination based on uniformed service, or a violation of his veterans' preference rights.[2]  IAF, Tab 10, Initial Decision.

¶3    In his petition for review, the appellant alleges that the administrative judge erred in finding that he failed to allege a violation of his veterans' preference rights under the Veterans Employment Opportunities Act of 1998 (VEOA) and that he failed to allege discrimination on the basis of uniformed service under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  Petition for Review (PFR) File, Tab 1.

¶4    To establish jurisdiction over a VEOA appeal alleging a violation of veteran's preference rights, an appellant must (1) show that he exhausted his remedy with the Department of Labor; and (2) make nonfrivolous allegations that: (i) he is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the date that VEOA was enacted, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.  5 U.S.C. § 3330a(a)(1)(A); *Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 7 (2010), *aff'd*, 669 F.3d 1320 (Fed. Cir. 2012).

---

[2] Because the administrative judge dismissed the appeal for lack of jurisdiction, she did reach the issue of whether the appeal was timely filed.  IAF, Tab 10, Initial Decision.

¶5 The appellant alleged below that he was entitled to veterans' preference, and he referenced his military obligation to the Air Force Reserves. IAF, Tabs 1, 9. While it is unclear whether he was attempting to raise a VEOA claim below, he clearly raised one on review. PFR File, Tab 1. The administrative judge did not inform the appellant of the VEOA jurisdictional standard. The acknowledgment order that she issued identified the VEOA statutory provision, but did not inform the appellant that the provision referenced VEOA, and did not specifically inform the appellant of the Board standard to prove jurisdiction under VEOA. IAF, Tab 2 at 2. An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643‑44 (Fed. Cir. 1985). Thus, the appellant must be afforded an opportunity to establish jurisdiction under VEOA under the standard set forth above.

¶6 Similarly, it appears that the appellant may have been attempting to raise a claim under USERRA. The administrative judge, though, did not inform the appellant of the standard to prove jurisdiction under USERRA. To establish jurisdiction over a USERRA discrimination claim before the Board, an appellant must nonfrivolously allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to his performance of duty or obligation to perform duty in the uniformed service. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012) (quoting 38 U.S.C. § 4311(a)).

¶7 Here, the appellant alleged on his appeal form that he was a veteran and that he was entitled to veterans' preference. IAF, Tab 1. Subsequently, he stated that about 2 months after his nonselection, he had completed his military obligation with the Air Force Reserves. IAF, Tab 9 at 3. Thus, we find that the appellant met elements (1) and (2) of the USERRA jurisdictional standard. At issue is whether the appellant established element (3) of the test.

¶8 A claim under USERRA should be broadly and liberally construed in determining whether an appellant has established the Board's jurisdiction, particularly where, as here, the appellant is pro se. *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010); *Gaston v. Peace Corps*, 100 M.S.P.R. 411, ¶ 8 (2005). Because the appellant alleged that his nonselection and his military obligation occurred very close together in time, we find that he has made a nonfrivolous allegation that his nonselection was due to his obligation to perform a duty in the uniformed service, and thus he met element (3) of the USERRA jurisdictional test.

¶9 The relative weakness of an appellant's assertions in support of his claim under USERRA is not a basis for a jurisdictional dismissal. Thus, we find that the appellant has established jurisdiction over his USERRA claim. Further, once an appellant has established the Board's jurisdiction over his USERRA appeal, he has a right to a hearing on the merits of his claim. 38 U.S.C.A. § 4301 et seq.

¶10 Accordingly, we remand the case to afford the appellant the opportunity to establish Board jurisdiction under VEOA, and for the hearing that he requested on his claim that the agency discriminated against him in violation of USERRA. IAF, Tab 1.

**ORDER**

¶11 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.