## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2016 MSPB 17

Docket Nos. DC-3330-15-0951-I-1
DC-3330-15-1148-R-1

**Edward Bent,**

**Appellant,**

**v.**

**Department of State,**

**Agency.**

April 1, 2016

Edward Bent, Berkeley, California, pro se.

Alexandra H. Perina and Niels von Deuten, Washington, D.C., for the
agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision in MSPB Docket No. DC-3330-15-0951-I-1 (case #0951), which dismissed for lack of jurisdiction his appeal under the Veterans Employment Opportunities Act of 1998 (VEOA).  While his petition for review was pending, he filed another appeal at the regional office concerning the same matter.  That appeal was designated MSPB Docket No. DC-3330-15-1148-I-1 (case #1148), and the administrative judge dismissed that appeal without prejudice pending the Board's decision in case #0951.  Neither party petitioned for review of the initial decision in case

#1148 and it became the Board's final decision. Because the two appeals concern the same matter and because of the likelihood of confusion given the unusual procedural circumstances of these cases, we REOPEN case #1148 on our own motion under 5 C.F.R. § 1201.118. We JOIN the appeals under 5 C.F.R. § 1201.36(b) because joinder will expedite processing of the cases and will not adversely affect the interests of the parties. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE both initial decisions, and REMAND the cases to the regional office for further adjudication in accordance with this Opinion and Order.

## BACKGROUND

¶2    In 2009, the appellant, a preference-eligible veteran, sought to apply for a Diplomatic Security Service Special Agent position even though he exceeded the maximum-entry age restriction for such positions. *Bent v. Department of State*, MSPB Docket No. DC-3330-15-0951-I-1, Initial Appeal File (0951 IAF), Tab 1 at 6. According to the appellant, the agency never responded to his application. *Id*.

¶3    On July 11, 2015, the appellant filed an appeal with the Board in which he alleged that the agency violated his veterans' preference rights when it refused to accept his application for the Diplomatic Security Service Special Agent position. *Id.* at 2, 6. Because it appeared that the appellant had not exhausted his VEOA administrative remedies, the administrative judge ordered the appellant to submit evidence showing when the alleged violation of his veterans' preference rights occurred, when he filed a complaint with the Department of Labor (DOL), and when, if at all, he received written notification from DOL that it was unable to resolve his complaint. 0951 IAF, Tab 2 at 3. In response, the appellant asserted that the violation occurred in 2009, and he submitted a letter from DOL's Veterans' Employment and Training Service (VETS) acknowledging that he had filed a VEOA complaint on July 15, 2015. 0951 IAF, Tab 6 at 3-4. He thereafter

submitted a second letter from VETS that dismissed his complaint because he had filed a Board appeal of the same matter. 0951 IAF, Tab 7 at 4-5. The administrative judge then dismissed the appeal for lack of jurisdiction because the appellant did not file a VETS complaint before filing his Board appeal. 0951 IAF, Tab 9, Initial Decision at 3-4. The appellant now petitions for review, the agency responds, and the appellant replies to the agency's response. Petition for Review (PFR) File, Tabs 1, 4-5.

¶4       While the appellant's petition for review in case #0951 was pending, he filed a new appeal with the regional office concerning the same matter as he raised in his first appeal. *Bent v. Department of State*, MSPB Docket No. DC‑3330-15-1148-I-1, Initial Appeal File (1148 IAF), Tab 1. The administrative judge dismissed that appeal without prejudice pending the outcome of the petition for review in case #0951. 1148 IAF, Tab 10, Initial Decision (1148 ID). The administrative judge stated that the appellant could refile his appeal within 30 days from the date of the Board's decision in case #0951. *Id.* at 3. Neither party petitioned for review of that initial decision and it became the Board's final decision on November 25, 2015.

## ANALYSIS

¶5       To establish Board jurisdiction over an appeal brought under VEOA, an appellant must: (1) show by preponderant evidence that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a; *Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 7 (2009); *Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 10 (2004). To establish that he has met VEOA's requirement that he exhaust his administrative remedies with DOL, the appellant must establish that: (1) he filed a complaint with the

Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint. *See, e.g.*, *Roesel*, 111 M.S.P.R. 366, ¶ 7.

¶6　　　　Although the appellant had not filed a VEOA complaint with DOL at the time he filed his first Board appeal, he filed a complaint while the appeal was pending and he submitted uncontested evidence to the administrative judge showing that DOL issued written notification that it had closed its investigation. 0951 IAF, Tabs 6-7. The Board's practice is to adjudicate an appeal that was premature when filed but ripens while pending before the Board. *See, e.g.*, *Wooten*, 96 M.S.P.R. 671, ¶ 9. Because the appellant submitted evidence showing that he exhausted his remedy with DOL, the administrative judge erred by finding otherwise.

¶7　　　　This finding, however, does not end our inquiry. When the administrative judge issued her initial decision dismissing the appellant's first appeal for lack of jurisdiction, the appellant returned to DOL, which briefly reexamined his claim, found that it was not filed within the statutory time period, closed the complaint, and informed the appellant of his Board appeal rights. PFR File, Tab 5 at 4-8. As set forth above, the appellant then filed a new Board appeal concerning the same underlying matter. 1148 IAF, Tab 1. The administrative judge dismissed this second appeal without prejudice to its refiling pending the resolution of the appellant's petition for review in case # 0951. 1148 ID at 2-3.

¶8　　　　As noted above, we reopen case #1148 on our own motion and join it with case #0951 for the purpose of simplifying the needlessly complicated procedural issues in both cases. We vacate the initial decision in case #0951 because it incorrectly dismissed the appeal for lack of jurisdiction. Further, we vacate the initial decision in case #1148 because it is subsumed by its joinder with case #0951.

¶9        While we find that the appellant has satisfied the exhaustion requirement of the jurisdictional standard, it remains to be seen whether he can satisfy the remaining jurisdictional elements.   To do so, the appellant must make nonfrivolous allegations concerning each prong of the 3-pronged jurisdictional test recited above.  *See supra* ¶ 5.

¶10        The Board issued new regulations on January 28, 2015, that modified and clarified the jurisdictional standards in its various types of cases.  Because the appellant filed his Board appeal after the March 30, 2015 effective date of those regulations, they apply in this case.   80 Fed. Reg. 4489-01 (Jan. 28, 2015). Concerning the standard for establishing Board jurisdiction in VEOA appeals, our new regulations merely codified the existing standard set forth in case law. *Compare* 5 C.F.R. § 1201.57(b), (c)(1), *with Wooten*, 96 M.S.P.R. 671, ¶ 10. Thus, the appellant's burden as set forth in *Wooten* and many other cases remains the same after the promulgation of the Board's new regulations.

¶11        Although the administrative judge provided the appellant with explicit information on what is required to establish exhaustion in a VEOA appeal, she did not explicitly inform the appellant that he had the burden to make nonfrivolous allegations with regard to the remaining jurisdictional elements. 0951 IAF, Tab 2 at 3. An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643‑44 (Fed. Cir. 1985); *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶¶ 12-13 (2010).  Because the administrative judge did not provide this notice, the appellant has not had a fair opportunity to establish the Board's jurisdiction over his appeal.  Despite this, we find that the appellant has made a nonfrivolous allegation that he is preference eligible within the meaning of the VEOA, the disputed action took place in 2009 (after VEOA went into effect), and the agency violated his veterans' preference rights by failing to consider him for a position because it imposed an unlawful maximum‑entry age requirement.  0951 IAF, Tab 1 at 2, 4, 6; *see Isabella v.*

*Department of State*, 109 M.S.P.R. 453, ¶¶ 12-18 (2008) (finding that the maximum-entry age requirement was not essential to the duties of a Special Agent position and that the agency's failure to waive the requirement violated the appellant's veterans' preference rights). Thus, we find that the appellant established jurisdiction over his VEOA claim.

¶12        Finally, the appellant clearly filed his complaint with VETS well beyond the 60-day deadline set by the VEOA statute. *See* 5 U.S.C. § 3330a(a)(2)(A). This deadline is not jurisdictional; rather, it is similar to a statute of limitations that is subject to equitable tolling. *Kirkendall v. Department of the Army*, 479 F.3d 830, 836-44 (Fed. Cir. 2007); *Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 11 (2009). Thus, on remand the administrative judge must first determine whether the filing deadline should be equitably tolled. As the Supreme Court explained in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), the Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."

## ORDER

¶13        For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.