## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JERMAINE ANTHONY LEWIS,
        Appellant,

        v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DA-0752-16-0347-I-1

DATE: June 28, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Gale R. Thames, Washington, D.C., for the appellant.

Yvette K. Bradley, Esquire, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his alleged constructive suspension appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant is employed as a Carrier Technician by the agency. Initial Appeal File (IAF), Tab 16 at 28. On November 4, 2015, he filed an appeal claiming that the agency failed to restore him to duty after his physician cleared him to return to work with restrictions. *Lewis v. U.S. Postal Service*, MSPB Docket No. DA-0353-16-0073-I-1, Initial Decision (July 11, 2016). The administrative judge issued a decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to raise a nonfrivolous allegation that his absence was the result of a compensable injury. *Id.* During the processing of that appeal, the appellant alleged that the agency improperly placed him in a nonduty, nonpay status, and the administrative judge docketed those allegations in the present appeal. IAF, Tab 1.

¶3 The administrative judge issued a jurisdictional order, advising the appellant that his claim that the agency improperly placed him in a nonduty, nonpay status may establish a constructive suspension appealable to the Board under 5 U.S.C. §§ 7512(2) and 7513(d). IAF, Tab 3 at 3-4. She explained that an employee's continued absence constitutes a constructive suspension when an involuntary absence occurs at the agency's direction or when the following conditions are met: (1) an employee, who had been absent from work due to medical restrictions, requests work within those restrictions; (2) the agency is bound by an agency policy, regulation, or contractual provision to offer available light-duty work to the employee; and (3) the agency fails to offer the employee any available light-duty work. *Id.* at 3 (citing *Hahn v. U.S. Postal Service*, 86 M.S.P.R. 139, ¶ 6 (2000)). She further explained that, once an employee makes a nonfrivolous allegation that he was able to work within certain restrictions, that he communicated his willingness to work, and that the agency

prevented him from returning to work, the burden then shifts to the agency to show either that there was no work available within the employee's restrictions or that it offered such work to the employee, and he declined it. *Id.* In the order, the administrative judge instructed the appellant to file evidence and argument in support of his claim. *Id.* at 4. The appellant replied, arguing, among other things, that the agency refused to allow him to return to work with accommodation beginning in April 2013, despite his repeated requests. IAF, Tabs 5, 8, 15, 17. He also submitted medical documentation dated 2012 through 2015, and provided both signed and unsigned statements on his behalf. IAF, Tabs 7, 10-11, 14, 18.

¶4        In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tabs 1, 19, Initial Decision (ID) at 2. She found that the appellant failed to raise a nonfrivolous allegation that he was able to return to work to perform his normal duties and that, as a result, his absence beginning April 10, 2013, did not constitute a constructive suspension. ID at 5-7. The appellant has filed a petition for review, and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3.

¶5        Prior to the issuance of the initial decision, the Board clarified its jurisprudence regarding constructive suspension claims, such as alleged here, in *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397 (2013). In particular, the Board noted that it has recognized several fact patterns that may give rise to an involuntary constructive suspension and it therefore rejected as misleading the statement in a line of Board cases (including *Hahn* on which the administrative judge relied) that constructive suspensions arise in only two situations. *Bean*, 120 M.S.P.R. 397, ¶ 8 n.4; ID at 3. Instead, the Board held that, assuming the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of the following by preponderant evidence is sufficient to establish jurisdiction over a constructive suspension claim:  (1) the employee lacked a meaningful choice in

the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Bean*, 120 M.S.P.R. 397, ¶ 8; *see Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014) (applying the jurisdictional standard set forth in *Bean*); *see also Rosario-Fabregas v. Merit Systems Protection Board*, 833 F.3d 1342, 1345-46 (Fed. Cir. 2016) (finding that the Board's standard for establishing jurisdiction in constructive suspension cases, as set forth in *Romero*, is appropriate). If the appellant makes a nonfrivolous allegation of jurisdiction, then he is entitled to a jurisdictional hearing. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 8 (2009). A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s).

¶6      An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, the administrative judge did not inform the appellant of the proper jurisdictional standard. IAF, Tab 3. Further, neither the agency's pleadings nor the initial decision properly placed the appellant on notice of how to establish jurisdiction over his appeal. ID; IAF, Tab 16; *cf. Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking or if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review).

¶7      Moreover, the appellant made the following allegations in sworn statements below: he has a service-connected medical disability of which the agency is aware; the agency previously approved leave for his serious medical condition under the Family and Medical Leave Act of 1993; one of his medical conditions has been exacerbated as a direct result of his managers' creation of a hostile work

environment; he recovered sufficiently to return to work with accommodation; he informed the agency of his desire to return to work and his request for accommodation; he submitted medical documentation supporting his requests; the agency failed to reasonably accommodate him; the agency refused to accept or consider his medical documentation; the agency did not seek to have him evaluated by one of its doctors to clarify its questions concerning his medical conditions; and the agency refused to meaningfully engage in the interactive process.[2]  IAF, Tabs 5, 8, 15, 17.  In addition, the appellant submitted the sworn statement of his union representative that supports many of his assertions, including those concerning the appellant's medical documentation and the agency's involvement in the interactive process.  IAF, Tab 14 at 7.  We find that the appellant's allegations, if proven, could establish that he lacked a meaningful choice in the matter and that it was the agency's improper actions that deprived him of that choice.  *See Bean*, 120 M.S.P.R. 397, ¶ 8.  The jurisdictional prerequisites of chapter 75 otherwise appear to be satisfied because the appellant is a preference-eligible U.S. Postal Service employee with 1 year of current continuous service and his absence lasted for more than 14 days.  IAF, Tabs 1, 5, 15, 17; *see* 5 U.S.C. §§ 7511(a)(1)(B)(ii), 7512(2).  Therefore, we find that the appellant has made a nonfrivolous allegation that he was subjected to an appealable constructive suspension under the clarified standard set forth in *Bean*.

¶8        Accordingly, we remand this appeal for a jurisdictional hearing to afford the appellant an opportunity to prove jurisdiction over his constructive suspension claim after providing him with clear notice of the elements and burdens of proof

---

[2] The appellant claims that he submitted medical documentation to the agency showing that he has recovered sufficiently to return to work with accommodation and that his "medical professionals could not have stated it any clearer '[the appellant] is able to perform the duties of his job with accommodations.'"  IAF, Tab 17 at 4 (quoting alleged medical professionals).  However, we agree with the administrative judge's finding that the appellant failed to submit below any medical documentation to prove that he indeed was cleared to work or what restrictions his physicians had imposed.  ID at 6.  Therefore, the appellant must submit this medical documentation on remand.

of such a claim.  *See Bean*, 120 M.S.P.R. 397, ¶ 14 (remanding a constructive suspension appeal for a jurisdictional hearing); *Sage v. Department of the Army*, 108 M.S.P.R. 398, ¶¶ 7, 9 (2008) (remanding a constructive suspension appeal for proper *Burgess* notice under the former jurisdictional standard).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                         /s/ for

                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.