**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| EROL O. TASKIN,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-19-0176-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: January 24, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Erol O. Taskin</u>, Orlando, Florida, pro se.

<u>Vanessa Lichtenberger</u>, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

Effective September 1, 2017, the appellant resigned from a Medical Technician position with the agency's Veterans Health Administration in Palo Alto, California.  Initial Appeal File (IAF), Tab 6 at 178-80.

The appellant filed the instant appeal with the Board, and he did not request a hearing.  IAF, Tab 1 at 1-6.  He checked the boxes on the initial appeal form indicating that he was appealing the following actions:  failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement; involuntary resignation; and involuntary retirement.  *Id*. at 2.  The appellant alleged that he began working a modified-duty schedule due to an on-the-job injury from March 31, 2016, until he became fully disabled in a "spora[d]ic period while attempting to return to full duty status," but his requests for "alternative work opportunities" after July 4, 2017, were "routinely ignored."  *Id*.

In an Acknowledgment Order, the administrative judge informed the appellant that the Board might not have jurisdiction over his appeal, apprised him of his jurisdictional burden regarding an involuntary resignation or retirement claim, and ordered him to file evidence and argument amounting to a nonfrivolous allegation that his resignation or retirement is a matter within the Board's jurisdiction.  IAF, Tab 2 at 2-4.  In response, the appellant alleged, among other things, that he was forced to resign based on the following circumstances:  in the months prior to his resignation, the agency had refused to provide him with light or limited duty or a new assignment when he had submitted evidence of his return-to-work capabilities; based on information from the Office of Workers' Compensation Programs (OWCP) and the Office of Personnel Management (OPM), he believed he had to take imminent action to preserve his Federal employee health benefits as a result of accruing multiple weeks of leave-without-pay status; and the agency would not return him to work without additional medical information that he believed was unnecessary and

burdensome to provide. IAF, Tab 5 at 5-6. He further claimed that the agency discriminated against him by failing to accommodate his disability. *Id.* at 5.

In addition, the appellant submitted a copy of an email exchange indicating that he made a written request to return to work on Sunday, September 3, 2017. *Id.* at 14-15. A Laboratory Manager told him that he could return to work on Tuesday, September 5, 2017, and asked him for updated medical documentation. *Id.* The appellant responded that his request to return on September 3 was not alterable and he would not provide updated medical documentation. *Id.* at 14. The Laboratory Manager replied that he could not return to work without updated medical documentation. *Id.*

The administrative judge issued a jurisdictional order regarding a potential claim of involuntary disability retirement. IAF, Tab 7. In response, the appellant clarified that he has not applied for disability retirement. IAF, Tab 8 at 4. The agency requested the Board to dismiss the appeal for lack of jurisdiction. IAF, Tab 6 at 11, Tab 9 at 4-5.

Based on the written record, the administrative judge issued an initial decision granting the agency's motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1, 10-11. Specifically, she found that the appellant failed to make nonfrivolous allegations of jurisdiction regarding his constructive removal claim. ID at 6, 9-11.

The appellant has filed a petition for review challenging the administrative judge's jurisdictional findings. Petition for Review (PFR) File, Tab 1 at 4-7. The agency has filed a response, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We remand this appeal to provide the appellant with proper jurisdictional notice and an opportunity to establish the Board's jurisdiction over a restoration claim.</u>

The Federal Employees' Compensation Act and OPM's implementing regulations at 5 C.F.R. part 353 provide, among other things, that Federal

employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b).[2] Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Hamilton*, 123 M.S.P.R. 404, ¶ 9; 5 C.F.R. § 353.301. Pursuant to 5 C.F.R. § 353.304, the Board has jurisdiction over certain restoration claims. To establish the Board's jurisdiction over a restoration claim, an appellant must make nonfrivolous allegations[3] regarding the substantive jurisdictional elements applicable to the particular restoration claim. 5 C.F.R. § 1201.57(b). Once jurisdiction has been established, an appellant must prove the merits of his restoration claim by a preponderance of the evidence.[4] 5 C.F.R. § 1201.57(c)(4).

Here, we find that the appellant raised a restoration claim in his initial appeal because he checked the box indicating as such and alleged that, after working a modified-duty schedule due to an on-the-job injury and being "sporadically" disabled, he unsuccessfully attempted to return to full-duty status. IAF, Tab 1 at 2. We further find that, based on his subsequent pleadings and supporting documentation, he has continued to pursue a restoration claim throughout this appeal and on review. PFR File, Tab 1 at 6, Tab 4 at 4; IAF, Tab 5 at 5-6, 14-15, Tab 8 at 4-5, 12, 14-15; *see Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010) (observing that pro se filings are to be construed liberally). In particular, the appellant submitted medical

---

[2] A compensable injury is defined as one that is accepted by OWCP as job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund. *Hamilton*, 123 M.S.P.R. 404, ¶ 14.

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

documentation reflecting that he had a temporary total disability from January 23 through July 4, 2017, and he could return to light duty with certain restrictions on July 5, 2017. IAF, Tab 8 at 12, 14-15. In addition, as described above, he provided a copy of an email exchange showing that he made a written request to return to work on September 3, 2017, but the agency ultimately responded that he could not return to work unless he provided updated medical documentation. IAF, Tab 5 at 14-15.

However, the administrative judge did not address a potential restoration claim, and the appellant did not receive any notice of how to establish Board jurisdiction over a restoration claim, either through the administrative judge's orders or initial decision or the agency's pleadings. ID at 1-11; IAF, Tab 2 at 2-4, Tab 6 at 7-8, Tabs 7, 9; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Because the nature of the appellant's restoration claim is unclear based on the current record and he did not have an opportunity to address the applicable jurisdictional elements, we must remand the appeal for further adjudication. *See Brehmer v. U.S. Postal Service*, 106 M.S.P.R. 463, ¶¶ 10, 15 (2007) (remanding the appeal to, among other things, provide the appellant with proper jurisdictional notice and an opportunity to establish Board jurisdiction over his restoration claim). On remand, the administrative judge shall afford the appellant the opportunity to establish Board jurisdiction over a restoration claim after providing him with proper jurisdictional notice. *See id.*

On remand, the administrative judge shall make a new jurisdictional determination on the appellant's constructive removal claim after allowing further development of the record.

An employee may establish the Board's jurisdiction over an alleged involuntary resignation as a constructive removal by proving, among other things, that he lacked a meaningful choice in the matter, and it was the agency's

wrongful actions that deprived him of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8, 11 (2013). To overcome the presumption that a resignation is voluntary, an employee may show, for instance, that his resignation was the product of agency misinformation, deception, or coercion. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007). To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of his resignation, he had no realistic alternative but to resign, and his resignation was the result of improper agency acts. *Id.* The touchstone of a voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Id.*

Here, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make nonfrivolous allegations of jurisdiction regarding his constructive removal claim. ID at 1, 6, 9-11. Specifically, she found that the appellant's statement that his requests for "alternative work opportunities" were ignored was too generalized and conclusory to constitute a nonfrivolous allegation. ID at 9. She further found that he was not compelled to resign because the agency allowed him to return to work on September 5, 2017, and the agency's request for updated medical documentation was reasonable. ID at 9-10. In addition, she found that he resigned based on his understanding of healthcare costs and benefits—not improper actions by his employing agency. ID at 10.

We find that the administrative judge failed to consider the appellant's argument that he resigned based, in part, on the agency's violation of his restoration rights. IAF, Tab 5 at 6. In particular, the administrative judge found that the agency allowed the appellant to return to work on September 5, 2017, and the agency did not act improperly in denying his request to return on September 3, 2017. ID at 9-10. However, there is contrary record evidence indicating that the agency ultimately told him that he could not return to work in

September 2017 without updated medication documentation. IAF, Tab 5 at 14-15. Further, the administrative judge did not acknowledge the appellant's allegations of disability discrimination based on a failure to accommodate. *Id.* at 5; *see Vitale,* 107 M.S.P.R. 501, ¶ 20 (explaining that the Board addresses allegations of discrimination in connection with an alleged involuntary resignation only insofar as they relate to the issue of voluntariness). Because we find that the administrative judge failed to consider the totality of the circumstances in determining whether the Board has jurisdiction over the appellant's constructive removal claim, we vacate the initial decision and remand the appeal for a new jurisdictional determination on his constructive removal claim. *See Brehmer,* 106 M.S.P.R. 463, ¶¶ 5, 14-15 (remanding the appeal for the administrative judge to conduct a new jurisdictional analysis of the appellant's constructive removal claim by, in part, considering the pertinence of his related restoration claim).

Moreover, the appellant clearly indicated on the initial appeal form that he did not want a hearing, IAF, Tab 1 at 1, and he has not requested a hearing on review, PFR File, Tab 1. In addition, he did not request a hearing within the time period specified in the Acknowledgment Order. IAF, Tab 2 at 1-2. Therefore, we find that the appellant made an informed decision to waive his right to a hearing by clear, unequivocal, and decisive action. *See Axsom v. Department of Veterans Affairs,* 110 M.S.P.R. 605, ¶ 10 (2009). Because the appellant waived his right to a hearing, the relevant inquiry on remand is whether he has proven Board jurisdiction over his constructive removal claim by a preponderance of the evidence based on the written record. *Id.* Accordingly, on remand, the administrative judge shall allow the parties a full and fair opportunity to develop the record on this issue before making a new jurisdictional determination.[5] *See*

_____

[5] Because we find that this appeal must be remanded for further development of the record for the foregoing reasons, we make no finding regarding the appellant's allegedly new and material evidence that he has included with his petition for review. PFR File, Tab 1 at 4, 9-11. To the extent the appellant believes that any of the

5 C.F.R. § 1201.59(b) (providing that, if the appellant waives the right to a hearing, the record will close on the date the administrative judge sets as the final date for the receipt or filing of submissions of the parties); *see also Benson v. Office of Personnel Management*, 83 M.S.P.R. 549, ¶¶ 4-5 (1999) (finding that the administrative judge erred by failing to set a close-of-record date).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                         *Jennifer Everling*
                                       _____
                                       Jennifer Everling
                                       Acting Clerk of the Board
Washington, D.C.

---

documentation that he has submitted on review is relevant to whether the Board has jurisdiction over his restoration and/or constructive removal claims, he may resubmit such documentation on remand.