**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DUANE J. GRAPPERHAUS,
          Appellant,

      v.

DEPARTMENT OF LABOR,
          Agency.

DOCKET NUMBER
CH-0752-18-0413-I-1

DATE: March 18, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Duane J. Grapperhaus</u>, Breese, Illinois, pro se.

<u>Travis W. Gosselin</u>, Esquire, and <u>Willard Lowe</u>, Chicago, Illinois, for the
   agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which
dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we
GRANT the appellant's petition for review, AFFIRM the initial decision to the
extent it dismissed for lack of jurisdiction the appellant's claims that the agency
failed to promote him, VACATE the initial decision to the extent it dismissed for

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

lack of jurisdiction his claim that his retirement was involuntary, and REMAND his involuntary retirement claim to the Central Regional Office for further adjudication in accordance with this Remand Order.

Background

The appellant retired under Civil Service Retirement System (CSRS) Offset in 2004. Initial Appeal File (IAF), Tab 1 at 4. In 2011, he took a position at the agency as a reemployed annuitant, apparently waiving his annuity to do so. In 2017, he retired again, also under CSRS Offset. IAF, Tab 13 at 52. He thereafter filed an appeal in which he contended that his retirement was involuntary because the agency failed to inform him that his annuity would be offset by the amount of his social security benefits and that he detrimentally relied on the annuity estimate the agency provided him. IAF, Tab 1. He also asserted that the agency failed to promote him, *id.*, which the administrative judge construed as an employment practices claim. The administrative judge afforded the appellant proper *Burgess*[2] notice, IAF, Tabs 2, 7, and, after considering the parties' responses, she dismissed the appeal for lack of jurisdiction without a hearing, finding that the appellant failed to make a nonfrivolous allegation of jurisdiction. IAF, Tab 21, Initial Decision, at 1-2, 4-5, 7-8.

The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not responded to the petition for review.

The administrative judge correctly dismissed the appellant's non-promotion claim for lack of jurisdiction.

The appellant contends that the selection process for a Deputy Regional Director position, for which he applied but was not selected, was unfairly manipulated to the advantage of the eventual selectee because the agency gave her a noncompetitive temporary assignment to the Acting Deputy Regional Director position that was not available to the other candidates for the permanent

---

[2] *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).

position and then credited her with experience as the Acting Deputy Regional Director that the other candidates lacked and were unable to obtain. PFR File, Tab 1 at 23-27; IAF, Tab 4 at 6-7. He asserts that this process violated merit system principles. PFR File, Tab 1 at 25; IAF, Tab 4 at 6.

It is well-settled that the Board lacks jurisdiction over non-selections. *Alvarez v. Department of Homeland Security*, 112 M.S.P.R. 434, ¶ 6 (2009); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). However, an applicant for employment who believes that an employment practice applied to him by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010); 5 C.F.R. § 300.104(a). The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: first, the appeal must concern an employment practice that OPM is involved in administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser*, 113 M.S.P.R. 403, ¶ 6. "Employment practices," as defined in OPM's regulations, "affect the recruitment, measurement, ranking, and selection" of applicants for positions in the competitive service. 5 C.F.R. § 300.101. Although the appellant alleges that the agency violated merit systems principles in the manner in which it filled the Deputy Regional Director position, he does not claim that an employment practice was applied to him by OPM, as required by 5 C.F.R. § 300.104(a), that a valid employment practice administered by OPM was misapplied to him by the agency, or that an employment practice applied to him violates one of the basic requirements contained in 5 C.F.R. § 300.103. *Sauser*, 113 M.S.P.R. 403, ¶ 7.

On review, the appellant reiterates his argument below that the agency granted the eventual selectee preferential treatment that had the effect of enhancing her experience and qualifications and that this preferential treatment rendered the other candidates "unsuitable" and violated merit system principles.

PFR File, Tab 1 at 21-27; IAF, Tab 4 at 6, Tab 14 at 4-6, Tab 18 at 4-10. Even if true, these allegations would not establish an appealable employment practice under 5 C.F.R. subpart 300. Furthermore, the merit system principles are not an independent source of jurisdiction. *D'Leo v. Department of the Navy*, 53 M.S.P.R. 44, 48 (1992).

The appellant contends that the applicants who were not selected were deemed "unsuitable." PFR File, Tab 1 at 24-25; IAF, Tab 18 at 4-5. The Board has jurisdiction over suitability actions, 5 C.F.R. § 731.501, but a "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. *Alvarez*, 112 M.S.P.R. 434, ¶ 7. A nonselection for a specific position is not a suitability action, even if it based on reasons similar to the criteria for making suitability determinations set forth at 5 C.F.R. § 731.202. *Alvarez*, 112 M.S.P.R. 434, ¶ 7. In this case, it seems that the selectee was preferred based on her qualifications and, although the appellant alleges that that the manner in which she was able to obtain her qualifications was unfair, that does not mean that the appellant's nonselection was an appealable suitability action under 5 C.F.R. part 731.

<u>The appellant made a nonfrivolous allegation that his retirement was involuntary due to agency misinformation.</u>

A retirement is involuntary if an agency made misleading statements upon which the appellant reasonably relied to his detriment. *Petric v. Office of Personnel Management*, 108 M.S.P.R. 342, ¶ 9 (2008). The appellant need not show that the agency intentionally misled him. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 26 (2008). The agency could have provided the misleading information negligently or even innocently; if the appellant materially relied on the misinformation to his detriment, his retirement is considered involuntary. *Covington v. Department of Health and Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984). An objective test applies in such situations; the subjective perceptions of the employee and the subjective

intentions of the agency are not particularly relevant. *Id.; Scharf v. Department of the Air Force*, 710 F.2d 1572, 1575 (Fed. Cir. 1983). The appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary retirement if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Petric,* 108 M.S.P.R. 342, ¶ 9.

The agency here provided the appellant with a preretirement annuity estimate that indicated he was in the CSRS Offset retirement plan and set forth deductions for life insurance and for providing a survivor annuity, but did not set forth any reductions in his annuity to account for the offset when he became eligible to receive social security benefits. IAF, Tab 4 at 13-16. The agency conceded that it mistakenly failed to provide this information. IAF, Tab 19 at 6. The appellant alleges that he relied upon the mistaken information to his detriment and that he would not have retired had he known that his monthly annuity would be reduced by some $910 per month. IAF, Tab 4 at 6.

We find that the agency's failure to provide any information about the amount of the social security offset was misleading and that the appellant has raised a nonfrivolous allegation that he relied on this information to his detriment. Accordingly, he is entitled to a jurisdictional hearing and an opportunity to prove by preponderant evidence that his retirement was involuntary.

## ORDER

For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this remand order.

*Gina K. Grippando*

FOR THE BOARD:         _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.