**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTOPHER T. GABREE,
    Appellant,

   v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
DC-0752-20-0178-I-1

DATE: January 14, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Albert E. Lum, Esquire, Brooklyn, New York, for the appellant.

Keith L. Reid, Esquire, Virginia Beach, Virginia, for the appellant.

Earl L. Cotton, Esquire, Atlanta, Georgia, for the agency.

Ladonna L. Griffith-Lesesne, Esquire, Landover, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal for lack of jurisdiction. Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED in paragraph 16 below to find that the appellant had a meaningful alternative to absence, we AFFIRM the initial decision.

## BACKGROUND

The following facts are undisputed. The appellant was an EAS-22 Postmaster at the agency's Monroe, North Carolina Post Office. *Gabree v. U.S. Postal Service*, MSPB Docket No. DC-0752-19-0813-I-1, Initial Appeal File (0813 IAF), Tab 4 at 15. The agency proposed his removal for misconduct. *Id*. at 30-33. On August 28, 2019, the deciding official issued a decision sustaining the charges but mitigating the penalty to a reduction in grade and pay and a reassignment to the Concord, North Carolina Post Office as an EAS-17 Supervisor of Customer Service, effective September 7, 2019.[2] *Id*. at 16-17.

---

[2] The appellant filed a Board appeal of that action, and on December 18, 2019, the administrative judge reversed the reduction in pay and grade, finding that the agency failed to prove its charges. 0813 IAF, Tab 18. The administrative judge ordered the appellant restored to his former Postmaster position at the Monroe Post Office. *Id*. at 14-15. Neither party petitioned for review, and the initial decision became final by operation of law. *See* 5 C.F.R. § 1201.113.

Prior to entering on duty at the Concord Post Office, the appellant informed the Concord Postmaster that he had a medical restriction and was consequently limited to working 6 hours per day. *Gabree v. U.S. Postal Service*, MSPB Docket No. DC-0752-20-0178-I-1, Initial Appeal File (IAF), Tab 5 at 33, Tab 12 at 4. The Postmaster informed the appellant that he would need to provide medical documentation of his restrictions. IAF, Tab 5 at 33. The appellant did not provide any documentation until October 22, 2019.[3] IAF, Tab 5 at 33, 62, 65, Tab 12 at 5. In the meantime, he was working 6-hour days but getting paid for 8 hours without any leave being charged to him. IAF, Tab 5 at 33, 60-63.

After reviewing the appellant's medical documentation and consulting with agency management, the Postmaster determined that this arrangement could not go on any longer. *Id*. at 60-63. On October 23, 2019, he proposed to inform the appellant that, after completing his 6 hours of work, he must take leave to cover the remainder of the tour. *Id*. at 60. However, the District Finance Manager told the Postmaster that EAS employees are not permitted to take leave other than in 8-hour increments unless the leave is covered under the Family and Medical Leave Act of 1993 (FMLA). IAF, Tab 5 at 60, 90-91, 96. The appellant was not eligible for FMLA-protected leave either because he had already exhausted his FMLA leave hours or had not worked the requisite number of hours during the previous year. IAF, Tab 5 at 62, Tab 12 at 5. Therefore, on October 24, 2019, the Postmaster advised the appellant that the agency would not be able to accommodate his light duty request of a 6-hour workday and that he would need to take leave until he was released to work a full 8-hour day. IAF, Tab 5 at 24.

The appellant, however, had only 4 hours of sick leave to his credit. *Id*. at 78. On October 25, 2019, he requested and was granted 240 hours of advance sick leave that, in combination with his accrued annual leave, he believed would

---

[3] The doctor's note stated that it was recommended that the appellant have 2 days off and work no more than 6 hours per day because it would "be beneficial to the recovery of his knee pain." IAF, Tab 5 at 65. No further information was provided.

give him sufficient time to obtain treatment and recover so that he could return to 8-hour days. *Id*. at 34, 54, 58, 80-82. In making this leave request to the Postmaster, he stated, "I have been recently informed that the Postal Service would no longer accommodate me for my disability." *Id*. at 58.

On October 31, 2019, the appellant emailed the Postmaster an explicit request for reasonable accommodations, and on November 4, 2019, the Postmaster forwarded the appellant's request to the agency's District Reasonable Accommodation Committee (DRAC). *Id*. at 53. On November 5, 2019, the DRAC sent the appellant two forms to complete and return, one for himself and one for his medical provider. *Id*. at 50. The appellant completed and returned his form on about November 15, 2019, but he declined to complete and return the form from his medical provider, stating that his "current restrictions [were already] on file." *Id*. at 48-49.

On November 22, 2019, the DRAC informed the appellant that he needed to return the medical provider form to proceed with the interactive process, and that if he already had medical documentation on file with his supervisor, he still needed to provide that information to the DRAC if he wanted it to be considered. *Id*. at 45. The appellant filed the instant appeal shortly thereafter, but the DRAC continued to seek this information from the appellant during the pendency of the appeal. *Id*. at 36. It appears that the appellant never returned to duty as an EAS-17 Supervisor of Customer Services and resumed work only when he was restored to his former Postmaster position pursuant to the Final Order in his demotion Board appeal. Petition for Review (PFR) File, Tab 1 at 6.

On his initial appeal form, the appellant requested a hearing and indicated that he was appealing a suspension of more than 14 days. IAF, Tab 1 at 6-7. The administrative judge issued an order informing the appellant of the jurisdictional standards for a constructive suspension appeal and ordered him to file evidence and argument on the issue. IAF, Tab 9. After the parties responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction

without holding the appellant's requested hearing. IAF, Tab 13, Initial Decision (ID). He found that the appellant made a nonfrivolous allegation that his absence from work was involuntary, but that the appellant failed to make a nonfrivolous allegation that it was rendered involuntary by the agency's improper actions. ID at 5-8.

The appellant has filed a petition for review, disputing the administrative judge's jurisdictional analysis. PFR File, Tab 1. The agency has filed a response. PFR File, Tab 2.

## ANALYSIS

Employee-initiated actions are presumed to be voluntary, and the Board lacks jurisdiction over voluntary actions. *Polen v. Department of Defense*, 72 M.S.P.R. 1, 5 (1996). However, employee-initiated actions that appear voluntary on their face are not always so, and the Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). Generally, all constructive adverse actions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction.[4] *Id.*, ¶ 8. An appellant is entitled to a hearing on the jurisdictional issue if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). In this case, the administrative judge found that the appellant made a nonfrivolous allegation that he lacked a meaningful

---

[4] The administrative judge found that the constructive suspension analysis applies because this is not a case involving enforced leave; rather, the appellant initiated his own absence. ID at 5. We agree with the administrative judge, and the appellant does not dispute this finding. *See Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶¶ 7-10 (2014) (finding that an agency's placement of an employee on enforced leave for more than 14 days constitutes a suspension and not a constructive suspension).

choice in his extended leave beginning October 25, 2019.  ID at 6.  However, he went on to find that the appellant failed to make a nonfrivolous allegation that he was deprived of meaningful choice by an improper agency action.  ID at 6-8. On petition for review, the appellant argues that he was deprived of meaningful choice by two improper agency actions—the agency's failure to accommodate his disability and his reduction in grade and pay under 5 U.S.C. chapter 75.  PFR File, Tab 1 at 4-5.

Regarding the alleged failure to accommodate, the appellant argues that the agency was accommodating his disability between his entry on duty as a Supervisor of Customer Service and its unjustifiable termination of this accommodation on October 25, 2019.  IAF, Tab 10 at 7-8, Tab 12 at 9, 11.  He further argues that the agency failed to schedule a reasonable accommodation meeting with him until January 2020.  IAF, Tab 10 at 11, Tab 12 at 8, 10; PFR File, Tab 1 at 4.  However, we agree with the administrative judge that the appellant has not made nonfrivolous allegations of fact that would support a finding that these actions were improper. ID at 6-7.  The record shows, and the appellant does not dispute, that, despite not being paid at an hourly rate, employees exempt from the Fair Labor Standards Act (FLSA) "are expected to work a full day."  IAF, Tab 5 at 90.  It is also undisputed that "[m]anagers are responsible for controlling the workhours of their exempt employees," and have the discretion to disapprove early departures in light of the current workload, the frequency of such absences, and so forth.  *Id*. at 91-92. Furthermore, according to agency regulations, the leave program for exempt employees "must be administered in a fair and equitable manner."  *Id*. at 92.

We note, however, that, notwithstanding the general rule that FLSA-exempt employees are expected to work a full 8-hour day, part-day leave can still be a form of reasonable accommodation.  *See Perry v. Department of the Treasury*, EEOC Appeal  No. 01873264,  1988  WL  917558  at  *2  (Apr. 15, 1988). "An employer must provide a modified or part-time schedule when required as a reasonable accommodation, absent undue hardship, even if it does not provide such

schedules for other employees." Equal Employment Opportunity Commission Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act (ADA Guidance), Question 22, Notice No. 915.002, 2002 WL 31994335 at *18 (Oct. 17, 2002); *see U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 397-98 (2002). Nevertheless, even if this arrangement were a reasonable accommodation, the agency would still not be obliged to offer it before going through the interactive process of 5 C.F.R. § 1630.2(o)(3) to see if there was some other arrangement that might allow the appellant to perform the essential functions of his position. *Royce O. v. Department of Veterans Affairs*, EEOC Petition No. 2023004555, 2023 WL 8713924 at *6-7 (Nov. 27, 2023). A disabled employee is entitled to a reasonable accommodation but not necessarily the accommodation of his choice.[5] *Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶ 22 (2008).

In that regard, we also agree with the administrative judge that the appellant has not made any allegations of fact that would support his assertion that the agency acted improperly by failing to engage in the interactive process. ID at 7-8. The record shows that the Concord Postmaster requested medical documentation from the appellant before he entered on duty, but the appellant waited 6 weeks to comply. IAF, Tab 5 at 33. Because the nature and extent of the appellant's disability, and his need for reasonable accommodation were not obvious, the agency was entitled to request such documentation. *See* ADA Guidance, Question 6. Furthermore, the agency was entitled to know the activities that the

---

[5] Assuming, without deciding, that the part-time work schedule was an effective accommodation that allowed the appellant to perform all the essential functions of his 8-hour position in a 6-hour workday, we find that the agency acted properly in allowing this arrangement as an interim accommodation for nearly 2 months after the appellant entered the Supervisor of Customer Service position. *See generally* 29 C.F.R. § 1614.203(d)(3)(i)(Q) (providing for interim accommodations pending the outcome of the interactive process). The agency was not required to continue this interim accommodation indefinitely merely because the appellant declined to participate in the interactive process.

appellant's impairment would limit, the expected duration of the impairment, and why the impairment necessitated a modified work schedule as opposed to other possible accommodations. *Id*. Even the medical documentation that the appellant eventually supplied lacked most of this information. IAF, Tab 5 at 65.

The appellant faults the Postmaster for not initiating the interactive process on his behalf at the beginning of September, but it was the appellant who failed to give the Postmaster the information needed to do so. Furthermore, it was not until he had been on leave for a week that the appellant explicitly requested reasonable accommodation. IAF, Tab 5 at 53. The record shows that the case was then promptly referred to the DRAC, which immediately contacted the appellant to request the pertinent information. *Id*. at 50, 53. The record further shows that the DRAC responded to the appellant's communications within 1 day of receiving them, but that the appellant failed to supply the requested information despite the DRAC's repeated requests. *Id*. at 36-49. Thus, the undisputed record shows that the agency did not act improperly in delaying reasonable accommodation. Rather, it was the appellant who was responsible for the breakdown of the interactive process. *See Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 18 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016). The interactive process is a two-way street, and both parties have an obligation to participate in good faith. *Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶ 11 (2005).

Regarding the reduction in grade, the appellant argues that his 6-hour work restriction was not a problem when he was the Monroe Postmaster because he was able to take personal time for the balance of his workday after he had reached his 6-hour limit. This option was taken from him when the agency improperly demoted him to an EAS-17 Supervisor of Customer Service. PFR File, Tab 1 at 4-5. We agree with the appellant that the Board's decision in his prior appeal establishes that his reduction in grade and pay was improper. 0813 IAF, Tab 11. This adverse action was not taken for such cause as would promote the efficiency of the service as required under 5 U.S.C. § 7513(a). *See Pope v. U.S. Postal Service*, 114 F.3d

1144, 1147 (Fed. Cir. 1997). The propriety of the appellant's reduction in grade and pay is not subject to relitigation in the instant appeal. *See generally Carson v. Department of Energy,* 398 F.3d 1369, 1375 (Fed. Cir. 2005) (setting forth the elements of res judicata).

However, we also agree with the administrative judge that the outcome of that prior appeal ultimately does not affect the outcome of the instant appeal. ID at 1 n.1. The appellant alleges that he suffered from the same medical condition in his former Postmaster position, but he was able to perform the essential functions of that position through a combination of personal absence and working from home.[6] PFR File, Tab 1 at 4-5; IAF, Tab 10 at 6-7. The only thing that changed was that the agency improperly demoted him to Supervisor of Customer Service. With that, the flexibility that allowed the appellant to perform in his Postmaster position was gone, and he was compelled to go through the formal reasonable accommodation process.

We do not agree with the administrative judge that the appellant lacked any meaningful choice in this matter. ID at 6. His choices were not limited to taking leave and working outside his medical restrictions. *Cf. Bean*, 120 M.S.P.R. 397, ¶ 13. Rather, he had a third option—to cooperate in the interactive process by furnishing the requested medical information, first to the Concord Postmaster and then to the DRAC. When the appellant repeatedly resisted these requests, insisting that his information was already "on file," he did so at his own peril. IAF, Tab 5 at 49, Tab 12 at 6. Even assuming that the information on file was actually the information that the Postmaster and the DRAC were seeking, medical documentation in the possession of one office is not necessarily available to another. We therefore find that the appellant's failure to avail himself of the interactive process precludes us from finding that his leave of absence amounted to

---

[6] The record seems to indicate that Postmasters and other installation heads tend to have greater leeway with personal absences than do other exempt employees. IAF, Tab 5 at 91.

a constructive suspension. *See Heining v. General Services Administration*, 68 M.S.P.R. 513, 523 (1995).

Accordingly, we affirm the initial decision as modified.

### NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a

court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9) (A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.