**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DEBORAH L. ROSEBORO,<br> Appellant, | DOCKET NUMBER<br> PH-0752-22-0228-I-2 |
| v. | |
| DEPARTMENT OF JUSTICE,<br> Agency. | DATE: January 29, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Deborah L. Roseboro, Thorndale, Pennsylvania, pro se.

Sarah Bishop, Esquire, and Lucia R. Miras, Esquire, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's assertions regarding the agency's charges are unpersuasive.

The appellant makes several assertions regarding the events underlying the agency's charges. *Roseboro v. Department of Justice*, MSPB Docket No. PH-0752-22-0228-I-2, Refiled Petition for Review (RPFR) File, Tab 1 at 2-3. To the extent these assertions challenge the administrative judge's conclusion that the agency proved its charges of lack of candor, failure to report off-duty misconduct, and conduct unbecoming a Federal employee, we find the assertions, which amount to mere disagreement with the administrative judge's reasoned findings, unpersuasive. *Roseboro v. Department of Justice*, MSPB Docket No. PH-0752-22-0228-I-2, Appeal File (I-2 AF), Tab 8, Initial Decision (I-2 ID) at 3-11; *see Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 9 (2011) (indicating that mere disagreement with an administrative judge's explained findings is not a basis to grant a petition for review); *see also Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge). We also agree with the administrative judge's conclusions regarding nexus, penalty, and the appellant's affirmative defenses of whistleblower reprisal and a hostile work environment.[2] I-2 ID at 11-16.

---

[2] Although the agency's charge of conduct unbecoming a Federal employee involved off-duty conduct, we agree that the agency satisfied the nexus requirement. I-2 ID at 14; *Roseboro v. Department of Justice*, MSPB Docket No. PH-0752-22-0228-I-1, Initial Appeal File (IAF), Tab 4 at 90. Indeed, as set forth in the initial decision, the deciding official "lost confidence in [the appellant's] reliability as well as in her ability to demonstrate proper conduct and perform the duties and responsibilities of her position." I-2 ID at 15; IAF, Tab 4 at 47; *see Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987) (recognizing three means by which an agency may show a nexus linking an employee's off-duty misconduct with the efficiency of the service, one of which is satisfied by showing by preponderant evidence that the misconduct affects management's trust and confidence in the employee's job performance).

<u>We remand this appeal for further adjudication of the appellant's claim of equal employment opportunity (EEO) retaliation.</u>

The appellant avers that she filed an "EEOC lawsuit" against her supervisors, which caused them to retaliate against her and remove her from her position. RPFR File, Tab 1 at 3. She requests that the Board "review [her] case again, [d]ue to the retaliation." *Id.* at 4. The record indicates that the pro se appellant raised a claim of EEO retaliation both in a filing submitted after her initial appeal was dismissed without prejudice,[3] and again prior to the close of the record in her refiled appeal; however, she did not receive notice of the relevant burden for such a claim. *Roseboro v. Department of Justice*, MSPB Docket No. PH-0752-22-0228-I-1, Petition for Review File, Tab 1 at 6; I-2 AF, Tab 5 at 1, Tab 6 at 2, 4; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Accordingly, we remand this appeal for further adjudication. *See Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶¶ 18-19 (2010) (remanding an appeal when the administrative judge did not inform the appellant of the burden and elements of proof for establishing an affirmative defense). On remand, the administrative judge should clarify the basis of the appellant's claim of EEO retaliation, apprise her of the burdens and elements of proof of her affirmative defense, and allow her to submit additional evidence regarding the same. Because the appellant withdrew her request for a hearing, I-2 AF, Tab 5 at 1, the administrative judge may issue the remand initial decision based on the written record.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. In the remand

---

[3] The appellant's initial appeal was dismissed without prejudice due to a pending criminal case related to the agency's charges. *Roseboro v. Department of Justice*, MSPB Docket No. PH-0752-22-0228-I-1, Final Order at 1-2 (Mar. 15, 2024). The appeal was thereafter refiled, and the refiled appeal is presently before the Board. I-2 AF, Tab 2 at 1.

initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.